BENJ. S. LIDDON, Chief-Justice,
MILTON H. MABRY, Justice,
R. F. TAYLOR, Justice.

MEADE HUNT, PLAINTIFF IN ERROR, VS. CITY OF JACKSONVILLE, DEFENDANT IN ERROR.

MUNICIPAL LAW—JURY TRIAL IN MUNICIPAL COURT—MUNICIPAL ORDINANCE CREATING OFFENSE OUT OF ACT MADE PENAL BY STATE LAW—CERTIORARI WHEN GRANTED.

1. Section 3 of the Declaration of Rights in our Constitution providing that "the right of trial by jury shall be secure to all, and remain inviolate forever," was never intended to *extend the right* of jury trial, but merely *secures it* in the cases *in which it was matter of right before the adoption of the constitution.* Trials in municipal courts for infractions of municipal ordinances were conducted generally without juries prior to the adoption of our Constitution, and, therefore, do not fall within the constitutional guaranty; and offenders against such ordinances are not entitled to a jury trial in such courts.

2. Municipal governments, when clothed with the requisite legislative authority, may, by ordinance, create an offense, *as against municipal law*, out of the *same act* that constitutes an offense already *against State law*: and, in such cases, the two offenses

are *distinct* and *separate*, and may be punished by both the municipality and by the State; and the conviction or acquittal by the one will be no bar to prosecution and punishment by the other.

3. The common-law writ of *certiorari* is never permitted to serve the purpose of a writ of error or appeal with bill of exceptions; and the granting of such writ is not a matter of right, but rests in the legal discretion of the court. In order to review and quash the proceedings of an inferior court upon such writ, it must appear that the inferior court has proceeded in the cause without jurisdiction, or its procedure must have been clearly illegal, or unknown to the law, or essentially irregular.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*R. H. Liggett*, for Plaintiff in Error.

*J. M. Barrs*, for Defendant in Error.

TAYLOR, J.:

The petitioner, Meade Hunt, was tried and convicted in the municipal court of the city of Jacksonville upon a charge of having, on the 31st day of July, 1894, disturbed the public peace of said city by committing an assault and battery upon one Burt G. Dyal, in a place of general resort within the city limits of the city of Jacksonville, in violation of an ordinance of said city in such cases made and provided. A fine was imposed upon him of $500. At the trial before the municipal court he pleaded to the jurisdiction of that court to try him for the offense charged, upon the ground that under the Constitution he was entitled to a trial by jury, and that the municipal court could not give him a jury trial. This plea was overruled, and,

as before stated, he was tried against his protest without a jury, convicted and sentenced. From this judgment he took writ of error to the Circuit Court of Duval county. The Circuit Court rendered judgment affirming the judgment of the municipal court. He now presents his petition to this court setting up the above facts, and therein prays for a writ of *certiorari* to the said Circuit Court for Duval county, commanding it to send to us here a complete transcript of the record of the judgment and proceedings in said cause, and that the said judgment of affirmance may be quashed.

In support of the application for the writ the only contention of the counsel for the petitioner is, that under our Constitution—that provides (Section 3, Declaration of Rights) that " the right of trial by jury shall be secure to all, and remain inviolate forever," the municipal court had no jurisdiction to try and punish him for the offense charged, because it could not try by jury, and that the defendant was entitled to a jury trial. That the offense charged, though disguised in the city ordinance as being simply a breach of the peace of the city, was in reality the crime of assault and battery, made an indictable misdemeanor by the State law, and that upon a trial therefor he was entitled to a jury. That because he was not tried by jury the whole proceeding is void and should be quashed.

In the case of Theisen vs. McDavid, City Marshal, decided at the present term, we have held that it is no objection to a municipal ordinance creating an offense against the city government and prescribing penalties therefor, that the trial thereunder is without a jury. This we think is well-settled by the great weight of the authorities. The penalties permitted by legislative

authority to be inflicted by municipalities for infractions of their ordinances are usually limited within narrow bounds, so that they are generally trivial in character; and the reason advanced as to why the trials under such ordinances can be conducted without a jury, and without violating the constitutional guaranty is, that the constitutional provision does not *extend the right*, but merely secures it in the cases *in which it was matter of right before the adoption of the Constitution*. Such trials were conducted generally without juries prior to the adoption of our Constitution, and, consequently, do not fall within the constitutional guaranty. 24 Am. & Eng. Ency. of Law, p. 504, *et seq.* and citations; Proffatt on Jury Trials, Sec. 95 and citations; 1 Dillon on Municipal Corporations (4th ed.), Sec. 432.

The contention that the charging of the offense here as being "a breach of the public peace of the city," is a subterfuge, and that the real offense charged is that of "assault and battery," and punishable by the State law, is without merit. In Theisen vs. McDavid, *supra*, we have fully discussed the power of the municipality to create an offense, *as against municipal law*, out of the *same act* that constituted an offense already *against State law;* and that the two were *distinct offenses*, and could be punished by both the municipality and by the State; and that the conviction or acquittal by the one would be no bar to prosecution and punishment by the other; that though flowing from the *same act* the *offenses* were double, separate and distinct. The case here presented furnishes a clear illustration of the doctrine there announced. The *same act* here constitutes, *as an infraction of the State law*, the crime of "*assault and battery*," and is punishable *as such* under the State law; *as an infrac-*

*tion of the municipal ordinance,* it constitutes the offense of a "*breach of the public peace of the city;*" and, under the ordinance, is punishable as such; and thus we have *two clearly defined crimes* flowing out of and originating *in the same act.*

In the case of Jacksonville, Tampa & Key West Ry. Co. vs. Boy, 34 Fla., 389, 16 South., 290, decided also at the present term, we held that in order to review and quash the proceedings of an inferior tribunal upon the common law writ of *certiorari,* the inferior tribunal must have proceeded in the cause without jurisdiction, or its procedure must have been clearly illegal, or unknown to the law, or essentially irregular; and that the writ is not permitted to serve the purpose of a writ of error or appeal with bill of exceptions; and that the granting of the writ was not a matter of right, but vested in the legal discretion of the court. We can not see that there was any such want of jurisdiction over the cause in either the municipal court of Jacksonville, or in the Circuit Court of Duval county, to which the petitioner took writ of error; or that there was any such illegality or irregularity in the proceedings of either court as would authorize us, upon a writ of *certiorari,* to quash or interfere with such proceedings. The application for the writ is, therefore, denied.