207 So.2d 520 (1968)
CITY OF GAINESVILLE, Florida, Petitioner,
v.
C.L. HILLIARD, Respondent.
No. J-460.
District Court of Appeal of Florida. First District.
February 22, 1968.
Rehearing Denied March 12, 1968.
*521 Osee R. Fagan, of Fagan, Crouch & Anderson, Gainesville, for petitioner.
Richard J. Wilson, Gainesville, for respondent.
WIGGINTON, Chief Judge.
Petitioner seeks review by certiorari of a judgment rendered by the circuit court of Alachua County sitting in its appellate capacity, which quashed a judgment rendered by the municipal court of the City of Gainesville finding respondent guilty of the offense of driving a motor vehicle while intoxicated. The basis of the judgment appealed is that respondent's constitutional rights were violated when his request for a jury trial of the offense with which he was charged in the municipal court was denied.
The primary question presented for decision may be stated in the following manner. Where an offense is denounced in identical terms both by a municipal ordinance and a state statute, is the offender entitled as a matter of constitutional right to a jury trial in a prosecution for violation of the municipal ordinance to the same extent as if he were prosecuted in a state court for the violation of the state statute.
*522 Respondent was charged in the municipal court of Gainesville with the offense of driving a motor vehicle while under the influence of alcoholic beverages. The ordinance in question is identical in terms with Section 317.201, Florida Statutes, F.S.A., which proscribes the same act and makes it a state offense punishable as a misdemeanor, the only difference being that the penalty provisions of the ordinance are less severe than those of the statute. Respondent's timely request for a jury trial was denied. Upon conviction respondent appealed to the circuit court alleging as error the deprivation of his constitutional rights in being denied a trial by jury. The circuit court agreed with respondent and quashed the judgment of conviction and sentence. Petitioner contends that the judgment of the circuit court is erroneous as a matter of law and should be reversed.
As stated above, the ordinance which respondent was charged with violating is identical in all material respects with F.S. Section 317.201, F.S.A. It is conceded that had respondent been charged and prosecuted in a state court for violation of the counterpart state statute, he would have been entitled to a jury trial. It is furthermore conceded that the ordinances of the City of Gainesville provide that trials shall be by the municipal judge without a jury.
In its judgment of reversal the circuit court found that the offense with which respondent was charged was not petty or trivial but was of a serious nature authorizing the imposition of criminal sanctions in the form of imprisonment in the city jail and loss of driver's license. Because of these factors the court held that in the prosecution of such offenses, the person charged is entitled to a trial by jury. The circuit court also relied upon the provisions of F.S. Section 317.043, F.S.A.,[1] which prohibits municipalities from passing or attempting to enforce ordinances in conflict with the statute denouncing the operation of a motor vehicle while under the influence of alcoholic beverages.[2] By reading Sections 317.041, 317.043, and 317.201 in pari materia the circuit court concluded that it was the intent of the legislature that the statute denouncing the offense of driving a motor vehicle while under the influence of alcoholic beverages should be applied uniformly throughout the state, both as to offense, penalty, and procedure. Based upon this finding the circuit court ultimately concluded that the legislature intended to require the same procedural safeguards, including trial by jury, in the prosecution of a person in a municipal court for the offense of driving while intoxicated as are provided in prosecutions for violation of the counterpart state statutes.
The law of this state appears to be well settled that unless prohibited by some provision of the Constitution or state law, the legislature may grant a municipality the power to enact ordinances which provide for the punishment of acts which likewise constitute crimes denounced by the statutes of the state.
The Constitution provides that the legislature shall have the power to establish, and to abolish, municipalities, to provide for their government, and to prescribe their jurisdiction and powers.[3] The charter granted petitioner by the legislature specifically empowered it to exercise general police powers and powers in the promotion of the general welfare of the city.[4] It was pursuant to this charter authority that the ordinance in question was enacted. In the *523 early case of Theisen v. McDavid[5] the question was raised as to whether the legislature may constitutionally delegate to a municipality the power to punish by ordinance an act made punishable as a crime or misdemeanor against the state laws, and for which the offender may be informed against and indicted and tried in the state courts. In answering this question in the affirmative the Supreme Court of Florida said:
"It is contended for the plaintiff in error that under no circumstances can the legislature constitutionally delegate to a municipality the power to punish by ordinance any act made punishable as a crime or misdemeanor against the state laws, and for which the offender may be informed against or indicted and tried in the state courts, and that the city ordinance in question here is invalid and void because the act it undertakes to punish as an offense against the laws of the municipality was made a criminal offense and punishable under the state laws * * *. [T]he overwhelming weight of the authorities, with which our views accord, supports the contrary rule,  that there is no impropriety, from a constitutional standpoint, in clothing our municipal governments with legislative power to prohibit and punish by ordinance any act made penal by the state laws, when perpetrated within municipal limits, and that it is no objection to such an ordinance that it prescribes the same penalties as the state law for the commission or omission of the same act, and that the offender may be tried and punished for the same act under both the ordinance and the state law, and that a conviction or acquittal under the one is no bar to the prosecution under the other, and that it is no objection to the municipal ordinance that the trial thereunder is without a jury. * * *"
The foregoing principle was subsequently adhered to and reaffirmed in Gillooley v. Vaughn.[6]
The dispute which precipitates this controversy finds its origin in that provision of our Constitution which guarantees to persons charged with crime the right to a speedy and public trial by an impartial jury.[7]
In State v. Parker[8] petitioner was tried in the municipal court of Jacksonville and convicted of the offense of driving a vehicle while under the influence of intoxicating liquor. At the trial he demanded but was refused the right to a trial by jury. In his petition for writ of habeas corpus he assigned as error the refusal of the city to grant him a jury trial thereby rendering the ordinance void and his conviction illegal. In rejecting this contention, the Supreme Court said:
"Section 3 of the Declaration of Rights in our Constitution, providing that `the right of trial by jury shall be secure to all, and remain inviolate forever,' was never intended to extend the right of jury trial, but merely secures it in the cases in which it was matter of right before the adoption of the Constitution. Trials in municipal courts for infractions of municipal ordinances were conducted generally without juries prior to the adoption of our Constitution, and therefore do not fall within the constitutional guaranty, and offenders against such ordinances are not entitled to a jury trial in such courts. * * * "
In Boyd v. County of Dade[9] petitioner was likewise charged in the metropolitan court of Dade County with the offense of *524 driving a vehicle while under the influence of intoxicating liquor. Petitioner requested but was denied a right to trial by jury on the charge against him. After conviction he appealed the judgment rendered against him challenging the validity of his conviction on the constitutional ground, among others, that he had been wrongfully deprived the constitutionally guaranteed right to a trial by jury. In rejecting this contention the Supreme Court, speaking through Mr. Justice Drew, said:
"In an unbroken line of cases since Hunt v. City of Jacksonville [34 Fla. 504, 16 So. 398], we have held that violations of municipal ordinances were infractions, the trial for which could be conducted without a jury trial. In State ex rel. Sellers v. Parker, Supt. of the City Prison Farm, the relator Sellers was tried, convicted and sentenced in the municipal court of Jacksonville to imprisonment for a period of thirty days for the offense of operating a motor vehicle while under the influence of intoxicating liquor. In a habeas corpus proceeding the relator Sellers contended, among other things, that he was entitled to discharge for reason that the Jacksonville City Ordinance was unconstitutional and invalid, as being repugnant to Sections 3 and 11 of the Declaration of Rights of the Florida Constitution, and the Fifth and Sixth Amendments of the Constitution of the United States, both of which guaranteed to the relator the right of trial by jury. This Court affirmed the order of the circuit court denying the relator's petition. In this case the Court set at rest for all time the question of right to trial by jury for the violation of offenses denounced by municipal ordinances. In that decision this Court particularly pointed out the fact, an obvious one, that the Fifth and Sixth Amendments to the Federal Constitution have no application whatever to proceedings in state or municipal courts. We further held in that case that Section 11 of the Declaration of Rights of the Florida Constitution has no application whatever to trials for violation of municipal ordinances and that Section 3 of the Declaration of Rights of the Florida Constitution was never intended to extend the right of jury trial but had the effect only of securing it in the cases in which it was a matter of right before the adoption of the Constitution. We pointed out there that trials in municipal courts were conducted generally without juries long prior to the adoption of our Constitution and, therefore, did not fall within the constitutional guarantees insuring jury trials. * * *"
From the foregoing authorities we conclude that under the settled law of this state respondent was not entitled to a trial by jury for the violation of the ordinance of the City of Gainesville proscribing the operation of a motor vehicle by a person while under the influence of intoxicating beverages.
In the judgment appealed the circuit court quoted an excerpt appearing at the conclusion of the Supreme Court's opinion in the Boyd case, supra, in which the court in turn quoted with approval and made a part of its opinion an excerpt from a decision rendered by the Supreme Court of New Jersey in the case of Katz v. Eldredge.[10] The New Jersey court expressed the view that the historical test usually applied to justify the trial of infractions against municipal ordinances without a jury was for the reason that the offenses were petty and trivial violations of regulations established under the police power of the state for the conviction of which only petty and trivial punishment was administered. The circuit court in the case sub judice was of the view that since the offense for which respondent herein was tried in the municipal court of Gainesville authorized a maximum sentence upon conviction of sixty days imprisonment or $500.00 fine, or both, as *525 well as the loss of his driver's license, the offense was indeed a serious one and could not be classed as trivial or petty within the test applied by the Supreme Court in the Katz case, supra. The circuit court therefore concluded that since the offense is not petty or trivial, but of a more serious nature, the constitutional guarantee of trial by jury became applicable, and that such right was wrongfully denied respondent by the municipal court in this case.
There are several reasons why we are unable to agree with the circuit court in the conclusion reached on the point involved herein. Firstly, it should not be left to speculation, conjecture and guesswork on the part of the municipal and state court judges of Florida as to just what offenses are to be considered serious, thereby assuring a person charged with their violation of a trial by jury, and which offenses may be considered petty and trivial for which no trial by jury is necessary. If the right to a trial by jury in the municipal courts of this state is to be accorded in the prosecution of all serious offenses, the legislature should enact laws specifying those offenses declared to be of a serious nature, and clearly providing that in the prosecution of any one charged in any court with their violation a trial by jury must be accorded. Until such legislation is enacted, we think it would be a usurpation of power for the various courts of the state to attempt in piecemeal fashion to define by judicial legislation all offenses under state law and municipal ordinances which must be considered serious and for the trial of which a jury must be provided.
Secondly, we do not believe that it was the intent of the Supreme Court, by its decision in Boyd, to pronounce a rule of law adopted by the circuit court in this case. The ordinance of the County of Dade for which the appellant Boyd was convicted carried penalties of both fine and imprisonment more severe than those provided for by the ordinances of Gainesville in the case sub judice, and in some instances more severe than the state statute then in effect. We must assume that the Supreme Court was familiar with such penalties because the ordinance which provided them was quoted verbatim in the body of the opinion. The ultimate holding of the court affirming the judgment of conviction negatives any idea that the Supreme Court considered the offense denounced by the ordinance in that case to be of such a serious nature as to require that a person charged with its violation must be accorded a jury trial. We must assume that despite the severity of the penalties contained in the Dade County ordinance, the Supreme Court considered the violation to be of such a nature that it was permissible for it to be tried in the metropolitan court of Dade County without a jury.
Furthermore, we do not read into F.S. Section 317.043, F.S.A., quoted above, any intent on the part of the legislature that a uniform procedure must be followed in both state and municipal courts in the prosecution of persons charged with the offense of driving a motor vehicle while under the influence of intoxicating beverages. The statute in question merely makes it unlawful for any municipal corporation to attempt to pass or enforce any ordinance in conflict with the provisions of F.S. Chapter 317, F.S.A. We find nothing in Chapter 317 which prescribes the procedure which must be followed in the trial of any one charged with violating its provisions. The matter of procedure to be followed in the trial of persons charged with violating both state laws and municipal ordinances is prescribed in other provisions of the Constitution, statutes, and rules of court. We find nothing in the ordinance involved in this case which could be said to be in conflict with any provisions of Chapter 317 as forbidden by the terms of that chapter.
Lastly, appellant contends that by the enactment of F.S. Chapter 317.043, F.S.A., mentioned above, the legislature intended *526 to pre-empt for prosecution in state courts any one charged with the offense of driving a motor vehicle while under the influence of intoxicating beverages, and to thereby preclude municipalities from adopting or enforcing any ordinances touching upon this area of the law. With this contention we are unable to agree. A cursory examination of F.S. Chapter 317, F.S.A., reveals numerous instances in which the legislature recognizes the right of municipalities to adopt and enforce ordinances proscribing the act of operating a motor vehicle while under the influence of intoxicating beverages, which act is made a state offense under the provisions of the chapter. Such recognition negates the idea that the legislature intended to pre-empt this field of the law for prosecution in state courts only.
For the foregoing reasons the judgment reviewed herein is quashed and held for naught, and the judgment of the municipal court of the City of Gainesville is reinstated.
JOHNSON and SPECTOR, JJ., concur.

ON PETITION FOR REHEARING
WIGGINTON, Chief Judge.
Respondent has, by petition for rehearing filed herein, invited this court's attention to Chapter 67-308 enacted by the regular 1967 session of the state legislature, which act will appear in the revised statutes as F.S. Sections 322.261 and 322.262, F.S.A. This act is popularly referred to as the "implied consent law," and prescribes procedure to be followed in obtaining evidence in those cases in which a person is charged with driving a motor vehicle while under the influence of alcoholic beverages. Section 3 of Chapter 67-308, provides as follows, to wit:
"Any person charged with driving while under the influence of alcoholic beverages to the extent that his normal faculties were impaired shall be entitled to trial by jury according to the Florida Rules of Criminal Procedure."
Respondent concedes that the above-quoted statute, which does not become effective until July 1, 1968, is not applicable to the case sub judice and should not be given retroactive effect. It is respondent's position, however, that the statute represents a legislative declaration that the offense of driving a vehicle while under the influence of intoxicating beverages is a serious one and is neither petty nor frivolous. It is because of such characterization that respondent urges us to hold that the offense for which he was tried, even though constituting only a violation of a municipal ordinance, was of such a serious nature as to entitle him to a trial by jury.
Although the argument of respondent is meritorious, we are not prepared to say that the above referred to statute should be construed to be applicable to offenses against municipal ordinances which prohibit the operation of vehicles while under the influence of intoxicating beverages, or that it was not the intent of the legislature to confine jury trials in cases of this kind only to prosecutions in state courts. If it had been the intent of the legislature to extend the right to trial by jury in cases of this kind to prosecutions in municipal courts, we feel it would have been more specific in so providing in clear and unambiguous terms.
For the reasons hereinabove stated, the petition for rehearing is denied.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 317.043, F.S.A.

"Conflicting ordinances prohibited; exception
It is unlawful for any municipal corporation to pass or attempt to enforce any ordinance in conflict with the provisions of this chapter; provided, however, that this section shall not apply to school zones."
[2] F.S. § 317.201, F.S.A.
[3] Article VIII, § 8, Florida Constitution, F.S.A.
[4] Chapter 12760, § 7(x) (y), Laws of Florida, Special Acts of 1927.
[5] Theisen v. McDavid, 34 Fla. 440, 16 So. 321, 322, 26 L.R.A. 234.
[6] Gillooley v. Vaughn, 92 Fla. 943, 110 So. 653.
[7] Declaration of Rights, § 11, Florida Constitution.
[8] State ex rel. Sellars v. Parker, 87 Fla. 181, 100 So. 260, 261, 262.
[9] Boyd v. County of Dade, (Fla. 1960) 123 So.2d 323, 328.
[10] Katz v. Eldredge, 97 N.J.L. 123, 117 A. 841.