213 So.2d 689 (1968)
C.L. HILLIARD, Petitioner,
v.
CITY OF GAINESVILLE, Florida, Respondent.
No. 37238.
Supreme Court of Florida.
July 17, 1968.
Rehearing Denied September 23, 1968.
Richard J. Wilson, Gainesville, for petitioner.
Osee R. Fagan (of Fagan, Crouch & Anderson), Gainesville, for respondent.
THORNAL, Justice.
By petition for certiorari we have for review a decision of a district court of appeal accompanied by a certificate that the question passed upon is one of great public interest. Fla. Const.Art. V, Sec. 4(2), F.S.A.; City of Gainesville v. Hilliard, 207 So.2d 520 (Fla. 1st Dist.Ct.App. 1968).
We must decide whether the constitutional prohibition of double jeopardy and guarantee of a right to a jury trial extend to violators of a municipal ordinance which proscribes certain conduct in terms identical to a state statute which condemns the same conduct as a crime.
*690 Chapter 27-15 of the Gainesville Code of Ordinances provides in Part:
"(a) It is unlawful and punishable as provided in subsection (b) for * * * any person who is under the influence of alcoholic beverages, * * * when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within the city.
"(b) * * * upon a third or subsequent conviction of the first of three or more convictions for violation of this section, such person shall be punished by imprisonment for not less than thirty (30) days, and in the discretion of the court, a fine of not more than five hundred dollars ($500.00)."
The Gainesville Charter, Section 7(z), Chapter 12760, Laws of Florida, 1927, prescribes for a violation of a city ordinance a penalty ceiling of sixty (60) days imprisonment or a fine of $500.00 or both. This is consistent with the limitation on municipal penalties imposed by general state law. Fla. Stat. § 165.19 (1965), F.S.A.
The Gainesville Municipal Court Judge, without a jury, found petitioner Hilliard guilty of being a third offender against the above-quoted ordinance. Preliminary to the municipal court hearing, a request for a jury trial was denied. Hilliard was fined $250.00 and sentenced to 30 days in jail, 15 days of which were suspended.
Hilliard's appeal to the Circuit Court resulted in a reversal of the municipal conviction. However, certiorari to the District Court of Appeal, First District, produced a reversal of the Circuit Judge and reinstatement of the judgment of the municipal judge. City of Gainesville v. Hilliard, supra. Our jurisdiction of the instant petition for certiorari derives from the certification that the question passed upon by the decision is one of great public interest.
Except as to penalty, the Gainesville ordinance is identical to Fla. Stat. § 317.201 (1965), F.S.A. which proscribes driving while intoxicated. The penalty authorized by the statute is more severe than that fixed by the Ordinance. The petitioner levels a three-pronged attack against his conviction. He claims that any one will support a reversal.
First, it is claimed that a trial in the city court for a municipal offense which is described in language identical to that in a state statute which defines a crime punishable also in the state court, does violence to the Florida Declaration of Rights, § 12, which in part provides that "No person shall be subject to be twice put in jeopardy for the same offense * * *." We pause to note that so far as we know, petitioner has never been subjected to a trial in the state court. He seeks to preclude the city court trial on an assumption that the state will also prosecute him. He argues that either the state or the city can try him, but not both. He says that we should dispense with the historical concept that the state and its cities are separate governmental units in view of the fact that municipal power emanates from the state under Fla. Const. Art. VIII, § 8.
This double jeopardy argument has long been settled contrary to the claims of the petitioner. We see no reason to recede from our established precedent on the subject. Long ago it was decided that an act committed within municipal limits may be punished by city ordinance even though the same act is also proscribed as a crime by a state statute. An offender may be tried for the municipal offense in the city court and for the crime in the proper state court. Conviction or acquittal in either does not bar prosecution in the other. Theisen v. McDavid, 34 Fla. 440, 16 So. 321 (1894); State ex rel. Sellars v. Parker, 87 Fla. 181, 100 So. 260 (1924), and, Boyd v. County of Dade, 123 So.2d 323 (Fla. 1960).
Petitioner's second argument is that the state has in effect pre-empted the field of controlling intoxicated drivers, and has *691 actually prohibited cities from adopting ordinances in this area of the police power. Apparently, he derives some comfort from the provisions of Fla. Stat. § 317.043, F.S.A. which prohibits municipal corporations from passing ordinances "in conflict" with Fla. Stat. Ch. 317, F.S.A. He says that Fla. Stat. § 317.041(1), F.S.A. provides that § 317.201, supra, applies in cities as well as non-municipal areas. From this he reasons that the cities are without power to control the drunk drivers. The claim is that only the state can do it.
We do not agree that cities are directly or inferentially prohibited from legislating in this area. So long as the municipal ordinance is consistent with the state statute and not in derogation thereof, it will be sustained under the city's general police power. The mere fact that the penalties are not the same does not bring the ordinance into collision with the statute unless the former exceeds a prescribed restriction on municipal penalties. State ex rel. McFarland v. Roberts, 74 So.2d 88 (Fla. 1954); Orr v. Quigg, 135 Fla. 653, 185 So. 726 (1938). We have expressly recognized a legislative intent that municipalities should have the power to try and punish intoxicated drivers of automobiles, even to the extent of participating in the license revocation process. Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957).
The third and final argument is that denial of a trial by jury deprived petitioner of a right guaranteed by the Florida Declaration of Rights, §§ 3 and 11, and by the Sixth Amendment to the Constitution of the United States, via the provisions of the Fourteenth Amendment.
It has long been the rule in this state that the right of trial by jury does not extend to violations of municipal ordinances. Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398 (1894). The announced reason for the rule has been that the guarantee does not extend to cases for which there was no right to a jury trial prior to adoption of the Constitution. A jury trial on a charge of violating a municipal ordinance was not a matter of right prior to the adoption of the Florida Constitution.
This Court has held that the "speedy trial, by an impartial jury" provision of the Sixth Amendment, supra, applied only to federal courts, and was not a responsibility imposed upon the states through the Fourteenth Amendment. However, the Supreme Court of the United States has recently held that the Sixth Amendment does apply to the states when "serious crimes" as distinguished from "petty offenses" are involved. For the federal system, the U.S. Supreme Court has defined "petty offenses" as those punishable by not more than six months imprisonment and a $500.00 fine. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). On the other hand, in dealing with state law, the same court has held that a crime punishable by a prison sentence up to two years is a "serious crime" which requires a jury trial as a matter of right. Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, opinion filed May 20, 1968. We will not speculate where the line of demarcation between "serious" and "petty" will eventually be drawn. Suffice it to note that the maximum penalty which can be prescribed by a Florida municipal ordinance is well below the "petty offense" maximum indicated by Cheff v. Schnackenberg, supra. See, Fla. Stat. § 165.19 (1965), F.S.A.
We pretermit a discussion of Fla. Stat. § 322.262(4) (1967), F.S.A. It was enacted subsequent to the trial of the case at bar, and therefore does not control the result. A decision on its effect must await another day.
For the reasons announced above, as well as those advanced by the District Court, the decision under review is approved and the writ is discharged.
It is so ordered.
CALDWELL, C.J., and ROBERTS and DREW, JJ., and MASON, Circuit Judge, concur.