227 So.2d 342 (1969)
Robert Ross DAVIS, Appellant,
v.
Charles E. SMITH, As Municipal Judge of the Municipal Court of the City of Vero Beach, Indian River County, Florida, Appellee.
No. 69-31.
District Court of Appeal of Florida. Fourth District.
October 3, 1969.
Certified October 16, 1969.
L.B. Vocelle and C. Wendell Harris, Vero Beach, for appellant.
Gordon B. Johnston and James T. Vocelle of Vocelle & Gallagher, Vero Beach, for appellee.
Certified to Supreme Court October 16, 1969.
OWEN, Judge.
This case presents the question of whether F.S. 1967, Section 322.262(4), F.S.A.,[1] *343 applies to a municipal court so that any person charged therein with driving while under the influence of alcoholic beverages to the extent that his normal faculties were impaired (herein called DWI) is entitled to a jury trial upon demand for such.
Appellant Robert Ross Davis was charged in the Municipal Court of the City of Vero Beach with DWI, the offense allegedly occurring September 4, 1968. His written demand for trial by jury was denied and the cause set for trial before the court. Davis promptly applied to the Circuit Court of Indian River County for writ of prohibition directed to the Judge of the Municipal Court on the grounds that by virtue of F.S. 1967, Section 322.262(4), F.S.A., the respondent municipal judge was acting in excess of his jurisdiction in requiring Davis to stand trial without a jury when a demand for a jury trial had been timely made. The respondent's motion to dismiss the petition for writ of prohibition placed in issue the question of whether the statute is applicable to municipal courts. This question was necessarily answered in the negative when the circuit court entered its order dismissing the petition.
We hold that the language of the statute, which we have quoted in the footnote, mainfests clear legislative intent that the statute would apply to any court in which a person is charged with the offense, including municipal courts, and therefore we reverse the order appealed.
We rely heavily on two well recognized principles of statutory construction. First, the legislature is presumed to know existing law when a statute is enacted.[2] Second, the courts cannot presume that the legislature intended to enact a law without some useful purpose in view.[3]
At the time this statute was enacted, a person charged with DWI was entitled, upon demand, to a trial by jury in the state courts[4] but was not entitled to trial by jury in the municipal courts.[5] Likewise, the Florida Rules of Criminal Procedure which became effective prior to the effective date of the statute, expressly govern all criminal proceedings in the state courts[6] but by implication (and committee note) were not intended to apply to municipal courts. If the legislature intended the statute to apply only to DWI cases brought in the state courts (but not to DWI cases brought in municipal courts) the provision for the right to trial by jury and the provision making the Florida Rules of Criminal Procedure applicable to the proceedings serve no useful purpose, as neither provision would confer any right upon an accused in a state court which he would not have absent the statute. Thus, to construe the statute as limited in application to DWI cases brought in the state courts we would have to assume that the legislature was either unaware of existing law or intended to enact law which would serve no useful purpose. We are not willing to make this assumption. The alternative, and to us the inescapable conclusion, is that the legislature intended F.S. 1967, Section 322.262(4), F.S.A., to extend to persons charged in municipal courts with DWI the right to trial by jury and the applicability of the Rules of Criminal Procedure to the same extent that such rights would apply if such person were charged in the state court with DWI.
*344 It is well to note that we are called upon in this case to determine only the question of legislative intent. We are not faced with constitutional questions. The decision we reach here does not conflict with the decision in Boyd v. County of Dade, Fla. 1960, 123 So.2d 323, nor the line of cases referred to therein commencing with Hunt v. City of Jacksonville, 1894, 34 Fla. 504, 16 So. 398, as all of these cases held that there was no constitutional right to trial by jury in the municipal courts. Neither do we see any conflict with Hilliard v. City of Gainesville, Fla. 1968, 213 So.2d 689 or City of Gainesville v. Hilliard, Fla. App. 1968, 207 So.2d 520, although conceivably some dicta in the latter case might support a conflict. The case before us presents a question of whether the legislature intended to provide a statutory right to trial by jury under certain specified rules of procedure to persons charged in the municipal court with DWI.
Appellee contends that it is important to note in the instant case that appellant was not charged with a violation of F.S. 1967, Section 317.201, F.S.A. (a state criminal offense), but rather was charged with a violation of F.S. 1967, Section 186.0177, F.S.A., which had been adopted as a traffic ordinance by the City of Vero Beach (and hence was a municipal ordinance). For the purpose of our decision in this case we make it clear that such a distinction is unimportant.
The appellant, having been charged in the Municipal Court of Vero Beach with DWI, and having made a timely demand for a jury trial, was entitled to such under the provisions of F.S. 1967, Section 322.262(4), F.S.A. Whether that court has the means of providing such jury trial is a question we have not been called upon to decide. The order dismissing the petition for writ of prohibition from which this appeal has been perfected is reversed and this cause is remanded for further proceedings consistent with this opinion.
We view our decision here as one which passes upon a question of great public interest and upon receipt of appropriate application by either party, we intend to certify the same to the Supreme Court of Florida.
Reversed and remanded.
WALDEN, J., concurs.
REED, J., dissents, with opinion.
REED, Judge (dissenting):
Respectfully, I dissent from the well-reasoned opinion of the majority. In my opinion the legislature intended F.S. 1967, Section 322.262(4), F.S.A., to apply only to proceedings in state courts  not municipal courts. There are three bases for this conclusion.
First, it was settled law at the time of the passage of F.S. 1967, Section 322.262 (4), F.S.A., that a person tried in a municipal court for a violation of a municipal ordinance was not entitled by organic law to a trial by jury. Hilliard v. City of Gainesville, Fla. 1968, 213 So.2d 689. It was also a matter of common knowledge at that time that hundreds of municipalities had the power by special acts of the legislature to try offenses against their ordinances in their municipal courts without a jury. Boyd v. County of Dade, Fla. 1960, 123 So.2d 323. Consequently, if F.S. 1967, Section 322.262(4), F.S.A., were intended to require a jury trial in municipal courts for violation of an ordinance proscribing driving while intoxicated, it would constitute an abrupt departure from existing law. I do not think it is reasonable to assume the legislature intended such a sweeping change in the fundamental scheme of things in the absence of more express language than is employed in the provisions under consideration. If the legislature had intended to require cities to provide jury trials for such offenses, it certainly would have included in the act some provision enabling *345 municipalities to summons and pay jurors[1] and some specification of the size of the juries to be used.
Secondly, F.S. 1967, Section 322.262(4), F.S.A., was enacted as a part of Chapter 67-308, Laws of Fla., 1967. In determining the meaning of the section, it is proper to consider it in reference to the entire act of which it is a part. 30 Fla.Jur., Statutes, § 110. Chapter 67-308, Laws of Fla., 1967, includes both F.S. 1967, Section 322.261 and Section 322.262, F.S.A. Certain provisions appear in each of these sections which suggest that the act as a whole was intended to apply only to proceedings in state courts. For example, Section 322.261 (1) (d), provides for a hearing on the suspension of a person's driver's license for failure to submit to a chemical test to determine the alcoholic content of his blood, if such person files a timely petition in the court having "* * * [T]rial jurisdiction of the criminal offense for which he shall stand charged, * * *." (Emphasis added.) F.S. 1967, Section 322.262(2), F.S.A., provides that the results of the chemical test may be admitted in evidence in the "* * * [T]rial of any * * * criminal action or proceeding * * *." (Emphasis added.) These sections suggest that the act as a whole was not intended to encompass proceedings in municipal courts because under existing law, municipal court proceedings were not generally regarded as "criminal" in nature. Boyd v. County of Dade, Fla. 1960, 123 So.2d 323.
Finally, we must assume that the legislature intended a constitutional enactment. If we construe F.S. 1967, Section 322.262 (4), F.S.A., to require a jury trial in municipal court proceedings, it follows that the section is in clear violation of Section 16, Article III of the Florida Constitution of 1885 (now Section 6 of Article III of the Revised Constitution of the State of Florida), which provided:
"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, * * *."
The purpose of the constitutional requirement is to avoid fraud or surprise by fairly apprising the legislature and the public of the subject of the act. King Kole, Inc. v. Bryant, Fla. 1965, 178 So.2d 2, 4. It does not require that the title to an act detail everything in it, but it does require that the matter embraced within the act be fairly and naturally germane to the subject described in the title. Town of Monticello v. Finlayson, 1945, 156 Fla. 568, 23 So.2d 843, 847. The organic provision is satisfied if the title reasonably and fairly gives notice of what one may expect to find in the body of the article. Bird Key Corp. v. City of Sarasota, Fla. 1951, 54 So.2d 245, 247. The title to the act in question cannot reasonably be said to give notice to anyone that within the body of the statute is a provision which makes a drastic change in procedure in municipal court trials of persons charged with driving while intoxicated,[2] and such a provision is not fairly and naturally related to the subject matter of the act as defined in the title.
On the basis of the foregoing, I conclude that the legislature did not intend F.S. 1967, Section 322.262(4), F.S.A., to apply to trials in municipal courts. The provisions *346 of that section were, in my opinion, intended only to confirm the existing law. Under my view, the judgment appealed from should be affirmed.
NOTES
[1] F.S. 1967, section 322.262(4), F.S.A. Any person charged with driving while under the influence of alcoholic beverages to the extent that his normal faculties were impaired shall be entitled to trial by jury according to the Florida Rules of Criminal Procedure.
[2] Dickinson v. Davis, Fla. 1969, 224 So.2d 262; Collins Investment Co. v. Metropolitan Dade County, Fla. 1964, 164 So.2d 806.
[3] Dickinson v. Davis, Fla. 1969, 224 So.2d 262; Sharer v. Hotel Corp. of America, Fla. 1962, 144 So.2d 813; Alexander v. Booth, Fla. 1952, 56 So.2d 716; Girard Trust Co. v. Tampashores Dev. Co., 1928, 95 Fla. 1010, 117 So. 786.
[4] Fla. Const. Declaration of Rights, § 11, F.S.A.
[5] Boyd v. County of Dade, Fla. 1960, 123 So.2d 323; State ex rel. Sellars v. Parker, 1924, 87 Fla. 181, 100 So. 260; Hunt v. City of Jacksonville, 1894, 34 Fla. 504, 16 So. 398.
[6] Rule 1.010, F.R.Cr.P., 33 F.S.A.
[1] I am aware of the general rule that where a statute imposes a duty on a public official, it also confers by implication the power necessary and proper to perform the duty. In re Advisory Opinion to the Governor, Fla. 1952, 60 So.2d 285, 287. I do not believe this rule applies here. The calling of a petit jury is far too complex a task to rest on implied authority.
[2] The title to Chapter 67-308, Laws of Fla. 1967, reads as follows: "AN ACT relating to chemical tests as to intoxication of persons operating a motor vehicle within this state; providing for implied consent; adding new sections 322.261 and 322.262, Florida Statutes; providing for suspension of drivers' licenses of persons refusing to submit to such tests; and providing an effective date."