231 So.2d 517 (1970)
Charles E. SMITH, As Municipal Judge of the Municipal Court of the City of Vero Beach, Indian River County, Florida, Petitioner,
v.
Robert Ross DAVIS, Respondent.
No. 39115.
Supreme Court of Florida.
February 4, 1970.
Rehearing Denied March 4, 1970.
*518 Gordon B. Johnston and James T. Vocelle of Vocelle & Gallagher, Vero Beach, for petitioner.
L.B. Vocelle, Vero Beach, C. Wendell Harris, Merritt Island and C.E. Thompson, Cocoa Beach, for respondent.
Allison E. Folds, Gainesville, of Fagan, Crouch, Anderson & Folds, as amicus curiae.
DREW, Justice.
This case is here for review on a Petition for Certiorari accompanied by a certificate of the District Court that the decision[1] is one which passes on a question of great public interest.[2]
The sole question argued here and the one certified here by the district court is:
"Is a person charged with driving a motor vehicle while under the influence of intoxicating liquor to the extent that his normal faculties were impaired, as a violation of a municipal ordinance, entitled to a trial by jury for such violation."
The district court answered this question in the affirmative. Judge Reed, in an able dissenting opinion reached a contrary result.[3] We are of the view that Judge Reed correctly decided the question presented to that court and the question certified here. Moreover we are in complete accord with the reasons pronounced by him in reaching the conclusion he did. We, therefore, adopt his opinion as the decision of this Court.
The questioned decision is quashed and the cause remanded to the district court for further proceedings consistent herewith.
ROBERTS and CARLTON, JJ., and SCHULZ, Circuit Judge, concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting).
I am unable to agree to the foregoing opinion not only for the reasons expressed in the District Court majority opinion (227 So.2d 342), but for my views expressed in special opinions and dissents in earlier cases decided here on the subject of constitutional guarantees applicable in municipal cases of the seriousness of the one here involved. See, for example, my concurring opinion in City of Fort Lauderdale v. King, 222 So.2d 6, page 9.
NOTES
[1] Davis v. Smith, 227 So.2d 342 (4th Dist.Ct.App.Fla. 1969).
[2] Fla. Const. art. V, § 4(2), F.S.A.
[3] See Judge Reed's dissenting opinion, 227 So.2d beginning on page 344.