SPECTOR, Judge.
Appellant seeks reversal of a final judgment denying a petition for a writ of prohibition to restrain the respondent Municipal Judge of the City of Gainesville, Florida, from conducting appellant’s trial on a charge of violating a municipal ordinance proscribing driving while intoxicated unless a jury trial is afforded in accordance with Section 322.262(4), F.S.A., 1967.
The Circuit Judge to whom the petition was addressed held the statute inapplicable to proceedings in municipal courts. We agree. See City of Gainesville v. Hilliard, 207 So.2d 520 (Fla.App.1968), cert. discharged Hilliard v. City of Gainesville, 213 So.2d 689 (Fla.1968), appeal dismissed 393 U.S. 321, 89 S.Ct. 556, 21 L.Ed.2d 517 (1969), rehearing denied 393 U.S. 1112, 89 S.Ct. 858, 21 L.Ed.2d 814, and Smith v. Davis, 231 So.2d 517 (Fla.1970).
The sole thrust of appellant’s contention rests on the opinion of the court *326 in Davis v. Smith, 227 So.2d 342 (Fla.App.1969). That decision was reversed in Smith v. Davis, supra, which was decided subsequent to the filing of the briefs herein. Noting the need to rest his case on other grounds, appellant’s able counsel has filed a motion for leave to submit a supplemental brief by which he contends that the case at bar should be reversed because of certain other constitutional principles enunciated by the United States Supreme Court in Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and Waller v. State of Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, decided April 6, 1970. A reading of the final judgment appealed does not indicate, that the trial court considered such additional constitutional questions nor does it appear that such questions were directly considered by the trial judge in the rendition of his judgment. The rule is well settled that an appellate court will not consider matters urged for reversal unless the lower court had been afforded a full and adequate opportunity to consider such contentions. Accordingly, the motion to file supplemental brief is denied.
The final judgment appealed is affirmed.
JOHNSON, C. J., and RAWLS, J., concur.