PER CURIAM.
The state brings this petition for writ of certiorari to review a judgment of the circuit court reversing respondent’s conviction in the Metropolitan Court of Dade County for violating a Dade County ordinance which forbids the driving of an automobile while under the influence of intoxicating liquor. Respondent was found guilty after his motion for a jury trial had been denied. He appealed to the circuit court, which reversed the conviction on the following ground:
“In the cases of Davis v. Smith, [Fla. App.1969] 227 So.2d 342, and Robertson v. State [ex rel. Harty, Fla.App.1969], 227 So.2d 346, the Courts held in similar cases the defendant was entitled to a jury trial, and this appears to be the law of this state at this time.”
*560 The circuit court was correct in its statement and cannot be faulted upon its decision to follow the law as set forth in the latest appellate decisions. However the decisions relied on by the circuit court have been quashed by the Supreme Court. See Smith v. Davis, Fla.1970, 231 So.2d 517; Robertson v. State ex rel. Harty, Fla.1970, 233 So.2d 633.
On authority of Dean v. Deas, Fla. 1959, 116 So.2d 23; Bennett v. Fratus, Fla.1965, 177 So.2d 335; Bennett v. Fratus, Fla.1965, 177 So.2d 336; Frewer v. City of Miami Beach, Fla.1965, 178 So.2d 702, we return jurisdiction of this cause to the circuit court so it may consider further its judgment of reversal in the light of the Supreme Court decisions quashing the decisions relied on by the circuit court.
It is so ordered.