239 So.2d 252 (1970)
Donald DE JONG, Appellant,
v.
George PALLOTTO, Judge of the Municipal Court in and for the City of Hollywood, and the City of Hollywood, a Municipal Corporation, Appellees.
No. 38911.
Supreme Court of Florida.
September 16, 1970.
Robert C. Stone of Fuer, Fleet & Abram, J. Leonard Fleet, Hollywood, and Julius L. Goldstein, New York City, for appellant.
E.T. Hunter, Hollywood, for appellees.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Broward County, to review the judgment of that Court passing directly on the validity of Florida Statutes § 322.262(4), F.S.A.
Appellant was arrested March 18, 1969, in the City of Hollywood and charged with the violation of the Hollywood Municipal Code § 60.01, by operating a vehicle while under the influence of intoxicating liquor or drugs.[1]
Appellant entered a plea of not guilty and thereafter on April 3, 1969, his counsel filed demand for jury trial pursuant to Florida Statutes § 322.262(4), F.S.A. The municipal judge, the Honorable George Pallotto, appellee herein, denied the demand for jury trial by order entered April 14, 1969.
Appellant then sought a writ of mandamus in the Circuit Court to compel appellees to grant him a jury trial. The *253 Circuit Court held that Florida Statutes § 322.262(4), F.S.A. was unconstitutional and denied writ of mandamus.
On appeal to this Court appellant contends that Florida Statutes § 322.262(4), F.S.A. is constitutional and entitles him to a jury trial in the Municipal Court on the charge of driving while intoxicated.
The decision below was rendered, and the briefs on appeal to this Court were filed, prior to the decision of this Court in Smith v. Davis, 231 So.2d 517 (Fla. 1970). In that case we gave a negative answer to the following certified question:
"Is a person charged with driving a motor vehicle while under the influence of intoxicating liquor to the extent that his normal faculties were impaired, as a violation of a municipal ordinance, entitled to a trial by jury for such violation."
In the subsequent decisions of Purdy v. Evans,[2] Robertson v. Bradford,[3] and Robertson v. State ex rel. Harty,[4] this Court has adhered to Smith v. Davis, supra.
Since this Court has determined that Florida Statutes § 322.262(4), F.S.A. did not apply to municipal courts, it is unnecessary to a decision in this case to rule on the constitutionality of the statute. In P.C. Lissenden Co. v. Board of County Commissioners,[5] this Court was confronted with a similar situation wherein the validity of a statute was raised and passed on by the court below but was unnecessary to the disposition of the cause, and stated.[6]
"[W]hile the validity of this statute was raised by the appellant and actually passed upon by the trial court, it was not only not determinative of the issues or essential to the disposition thereof, but such question was wholly immaterial to the determination of the merits of the action. Therefore that portion of the judgment appealed which purports to pass upon the validity of the cited statute is obiter dictum and is hereby held for naught."
In the instant case the courts below did not have the benefits of our decision in Smith v. Davis, supra, and subsequent cases at the time it rendered its decision holding the statute unconstitutional. The decision reached below was correct insofar as it held that appellant was not entitled to a jury trial in a municipal court under Florida Statutes § 322.262, F.S.A.
Accordingly, the decision sought to be reviewed, as modified in accordance with the views above expressed, is affirmed.
It is so ordered.
ROBERTS and DREW, JJ., concur.
ADKINS, J., concurs specially with opinion.
ERVIN, C.J., dissents.
ADKINS, Justice (concurring specially):
Since the decision in the case sub judice was rendered by the Circuit Court, Fla. Stat. § 322.262(4), F.S.A. was amended by § 4, Ch. 70-279, Laws of Florida, so that it now reads as follows:
"(4) Any person charged and/or tested under the provisions of this act, whether in a municipality or not, will be entitled to a trial by jury on demand. In the event the person so charged is arraigned in a municipal court, said municipality will either set up the proper procedure to provide a trial by jury or transfer said cause to a court of competent jurisdiction in the county said municipality is located."
*254 Prior to the amendment and when Smith v. Davis, 231 So.2d 517 (Fla. 1970), was rendered, the statute provided:
"(4) Any person charged with driving while under the influence of alcoholic beverages to the extent that his normal faculties were impaired shall be entitled to trial by jury according to the Florida Rules of Criminal Procedure."
I concur in the majority opinion.
NOTES
[1] Hollywood Municipal Ordinance § 60.01, under which appellant stands charged, adopts Chapter 186, Florida Statutes, F.S.A., the Model Traffic Ordinance, and § 186.0177 of the Model Traffic Ordinance prohibits driving while under the influence of liquor or drugs.
[2] 231 So.2d 836 (Fla. 1970).
[3] 233 So.2d 633 (Fla. 1970).
[4] 233 So.2d 633 (Fla. 1970).
[5] 116 So.2d 632 (Fla. 1959).
[6] Id. at 635.