PEARSON, Judge.
The defendant is the appellant here. She appeals a final judgment pursuant to a jury verdict. The point presented is that the court committed reversible error when it failed to give an instruction upon the preponderance of the evidence and the believability of the witnesses. In addition, it is urged that an instruction should have been given which would only be applicable to the facts of this case.
The record reveals that a charge conference was held and that appellant’s counsel presented no instructions in writing nor did he make a request for the giving of any one of the Florida Standard Jury Instructions. Thereafter, the court instructed the jury but did not give any of the standard instructions nor did the charge refer to the preponderance of the evidence *919 or the believability of the witnesses, pellant now urges that the court erred in failing to grant a new trial. Ap-
The record before us is entirely devoid of any request for a particular charge by appellant and it is devoid of any objection to any of the charges given and it does not contain any objection made after the charge was concluded or at anytime prior to the rendition of the verdict. Therefore, we are squarely faced with the provisions of R.C.P. 1.470(b), 30 F.S.A., which reads as follows:
“(b) Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed.”
It is apparent that in any case where the trial court is reversed upon the failure to give a particular charge the charge must have been requested. Further, where an inadvertent omission may have been made in a charge a party will not be permitted to take advantage of that omission without having called the omission to the court’s attention. This proposition is a corollary of the rule that in order to reverse a trial court it is ordinarily necessary for the trial court to have passed upon the issue which is raised in the appellate court. Walker v. Hampton, Fla.App.1970, 235 So.2d 325.
There is only one possible exception to the requirement for an objection, that is where the record viewed as a whole demonstrates that the error complained of is so prejudicial that it may be considered a fundamental error which deprived the appellant of an impartial trial. We must consider on this record whether or not the failure of the trial court to give the standard instruction as to the preponderance of the evidence and believability of the witnesses was fundamental error. It is our conclusion that it is not. The instruction to the jury by the court was brief but we think adequate to meet the requirement of a fair trial in this case.
Affirmed.
HENDRY, J., dissents.