WIGGINTON, Acting Chief Judge.
Petitioner seeks review by certiorari of an opinion and judgment rendered by the Circuit Court of Clay County sitting in its appellate capacity. By its decision the Circuit Court affirmed the judgment of conviction and sentence rendered by the municipal court of the Town of Orange Park, Florida, based upon a jury verdict finding petitioner guilty of driving a motor vehicle while under the influence of alcoholic beverages.
Petitioner was arrested and charged by respondent, Town of Orange Park, with the violation of F.S. Section 316.028, F.S. A., which makes it unlawful for any person who is under the influence of alcoholic beverages, when affected to the extent that his normal faculities are impaired, to drive or be in the actual physical control of any vehicle within this state. The record, although not entirely clear, appears to assume that respondent adopted the foregoing statute as an ordinance of the Town of Orange Park. Prior to trial petitioner made a formal demand for trial by jury of the offense with which he was charged and also moved the court to transfer the case to a court of competent jurisdiction within the county which was authorized to afford him a jury trial. Both motions were denied, and petitioner was tried by a jury in the municipal court of respondent-municipality. From a judgment of conviction and sentence based upon the jury’s verdict finding him guilty as charged, petitioner appealed to the Circuit Court of Clay County. Among the errors assigned on appeal was the denial by the municipal court of his motion to transfer his case to a court of *595 competent jurisdiction within the county for trial by jury as demanded by him. It is from the opinion and judgment of the Circuit Court affirming petitioner’s judgment of conviction that this review is sought.
Prior to the year 1970 it was the settled law of this state that persons tried in municipal courts for violation of municipal ordinances were not entitled by organic law to a trial by jury.[1] However, in 1970 the legislature of our state amended the so-called “implied consent law” in the following material respect, to wit:
“Any person charged or tested under the provisions of § 322.261 [operating a motor vehicle while under the influence of intoxicating beverages] . . ., whether in a municipality or not, will be entitled to a trial by jury on demand. In the event the person so charged is arraigned in a municipal court, the municipality will either set up the proper procedure to provide a trial by jury or transfer the cause to a court of competent jurisdiction in the county in which the municipality is located.” [2]
Prior to the foregoing amendment the statute made no provision for trial by jury in municipal courts for persons charged with operating a motor vehicle while under the influence of intoxicating beverages.
In order to implement the provisions of the foregoing statute, respondent adopted an ordinance setting up the procedure to provide a trial by jury in its municipal court by providing that the number of jurors, their qualifications, manner of selection, compensation, exemptions, and all procedures in connection therewith, should be the same as provided by general law for petit jurors and juries in the trial of criminal offenses against the state; provided, however, that such jurors must also be residents of the Town of Orange Park for at least six (6) months and must be qualified electors of the Town of Orange Park.[3] It was in conformity with the procedure prescribed in the foregoing ordinance that a jury was duly summoned, impaneled, and sworn in the case sub judice and, as so constituted, tried the charges made against petitioner and rendered its verdict on which judgment of conviction and sentence were based.
A similar attack upon an ordinance adopted by the City of Gainesville to provide a trial by jury for all pérsons charged with violating the city ordinance which prohibited driving a motor vehicle while under the influence of intoxicating beverages within the corporate limits of the city, was raised in the case of Nesler v. Hampton.[4] In construing the amendment to the implied consent law adopted by the legislature in 1970 providing for jury trials in municipal courts and the validity of the implementing ordinance adopted by the City of Gainesville in that case, this court said:
“ . . .By the enactment of such statutes, it is our view that the Legislature intended to and did effectively amend by implication all municipal and county charters existing in Florida to the extent of permitting jury trials in all cases to persons charged with violation of their ordinances, if such violations also constitute violations of state statutes. Such legislation, being remedial in nature, became applicable to the charges pending against appellant in the Municipal Court of Gainesville upon the effective date of the statutes in July, 1970 The enactment of such statutes by the Legislature, implemented by the ordinance passed by the City of Gainesville shortly thereafter which made detailed provision for trial by jury in the municipal court in all cases involving the violation of city ordinances, *596 effectively provided appellant with the procedural safeguard of trial by jury which he so diligently pursues by this appeal. Since trial by jury is afforded all persons charged with violation of the city ordinances of Gainesville, those provisions of the state statutes requiring transfer of such cases to another court of the county in which jury trials are provided are inapplicable.”
It is the position of petitioner that the ordinance adopted by respondent, which sets up the procedure to provide trials by jury in its municipal court, constitutes a special law pertaining to petit juries which is constitutionally impermissible and void under Article III, Section 11, subsection (a)(5) of the Florida Constitution, F.S.A., which provides:
“There shall be no special law or general law of local application pertaining to:

“petit juries, including compensation of jurors, except establishment of jury commissions
We are of the view that the special or general laws of local application referred to in the cited provision of the Constitution apply to laws enacted by the state legislature and not to ordinances adopted by the various municipalities of the state. The ordinance adopted by respondent herein was in implementation of the authority granted by the legislature through its adoption of F.S. Section 322.262(4), F.S.A. This statute was not a special or general law of local application but a general law applicable to all municipalities alike.
Petitioner next contends that even if it should be held that the ordinance was validly authorized by F.S. Section 322.262(4), F.S.A., the statute itself is unconstitutional because (1) it contains no definite standards or guidelines for setting up uniform procedures for trial by jury in municipal courts which will inevitably result in uncertainty, confusion, and a lack of due process; and (2) it constitutes an unlawful delegation of authority to municipalities to fix the qualifications, method of selection, and compensation of petit jurors in violation of the proscriptions of the Constitution. Although petitioner’s attack upon the constitutionality of the statute under consideration may have merit, it is one which this court possesses no jurisdiction to resolve in this proceeding. Challenges to the constitutionality of statutes adopted by the legislature lie exclusively within the jurisdiction of the Supreme Court when review is sought of a lower court decision in which such issue was raised and decided.[5]
We have carefully considered the remaining points raised by petitioner but find them to be without substantial merit. The writ is hereby quashed and the petition dismissed.
SPECTOR, J., and CREWS, JOHN J., Associate Judge, concur.

. City of Gainesville v. Hilliard (Fla.App.1968), 207 So.2d 520, cert. disch. (Fla.1968), 213 So.2d 689; Davis v. Smith (Fla.App.1969), 227 So.2d 342 (dissenting opinion) ; Smith v. Davis (Fla.1970), 231 So.2d 517.

. F.S. § 322.262(4), F.S.A.

. Orange Park Code, § 17-39 (b).

. Nesler v. Hampton (Fla.App.1972), 260 So.2d 561, 565.

. Art. V, § 4(2), Florida Constitution,