HUBBART, Judge
(dissenting).
I must respectfully dissent. I would affirm the judgment appealed from in all respects.
The record in this case reveals that the plaintiff at no time requested the trial court to instruct the jury as to her right to recover future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life. The plaintiff submitted no written requested instruction to that effect, did not orally request a standard jury instruction on this subject, and did not otherwise indicate in substance that she wanted such a specific charge given to the jury. This court is, accordingly, precluded from determining on appeal whether such a jury instruction should have been given by the trial court as “[n]o party may assign as error . the failure to give any charge unless he requested the same,” Fla.R.Civ.P. 1.470(b), and the judgment below should be affirmed. Frankowitz v. Beck, 257 So.2d 918 (Fla. 3d DCA 1972).
It is true that the plaintiff orally requested a jury instruction on “permanency” which the trial court refused to give.[1] The use of this shorthand jargon, however, does not, in my view, constitute a specific request for the jury instruction which this court now reverses the trial court for failing to give. Such a request was far too vague and broadbased to know, except in the most general terms, what instruction the plaintiff wished read to the jury. It cannot therefore, constitute reversible error for the trial court to deny such a general request. Ellis v. Golconda Corp., 352 So.2d 1221, 1224 (Fla. 1st DCA 1977).
I find nothing in this record, contrary to the court’s conclusion, that the trial court ever declined, over the plaintiff’s objection, to give a jury instruction on the plaintiff’s right to recover future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life. No such instruction was ever requested either orally or in writing by the plaintiff at the trial of this cause, and, the trial court never declined to give such a charge. Nor do I agree that the plaintiff was somehow excused from making such a request on the grounds of futility in view of the trial court’s comments at the charge conference. All the trial court ruled at such conference was that it was “not going to give an instruction on permanent or continuing” which was nothing more than a repeat of its prior ruling denying the plaintiff’s requested instruction on “permanency.” The discussion surrounding this ruling was, in my view, far too vague and broadbased to obviate the legal necessity of a specific request by the plaintiff for the instruction the court says now should have been given. The fact remains that such an instruction was never requested by the plaintiff nor denied by the trial court.
*976 I am especially disinclined on the state of this deficient and, at best, dubious record to reverse the trial court for failing to give a jury instruction not requested below in view of the slender evidentiary reed upon which this court now predicates its reversal. The testimony of the plaintiff’s mother and grandmother, as well as the rape center physician herein, was, in my view, far too generalized and vague for the jury to conclude that the plaintiff had sustained a permanent mental injury and to return a reasonable award of future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life, without engaging in rank speculation. None of these witnesses ventured an opinion as to how long the plaintiff’s vaguely described mental injuries would last; indeed, no witness said there was even a possibility that such injuries were permanent. To the contrary, the unanimous testimony of every other witness in the case was that the plaintiff had sustained no permanent physical or mental injury from the tort incident herein. Under the circumstances, it is difficult to accept the court’s conclusion that an evidentiary basis existed for the future damages instruction which the court now says should have been given. Indeed, to have given such a charge would have been reversible error in itself. Seaboard Airline Railroad Co. v. Ford, 92 So.2d 160, 163 (Fla.1956); Stores v. Hussey, 100 So.2d 649 (Fla. 1st DCA 1958).
I am, therefore, unwilling to stretch, as the court does, the fundamental principles of appellate review in' order to reverse the trial court for failing to give a jury instruction requested by no one when it is doubtful, to say the least, whether such an instruction was called for in any event. Neither the law nor the justice of the cause requires such a result, and, accordingly, I would affirm.

. A general discussion on this subject matter took place at the close of the plaintiff’s case at trial when plaintiff’s counsel argued that “I’m entitled to an instruction on the permanency.” TR 430-31. The trial court denied this request. TR 436. At the charge conference, the trial court repeated its earlier ruling to which plaintiffs counsel objected. TR 500-501. I find nothing else in the record which purports to preserve for appellate review the jury instruction question herein.