FRANK D. UPCHURCH, Jr., Judge,
dissenting:
Florida Rule of Criminal Procedure 3.251 states:
Right to Trial by Jury
In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury in the county where the crime was committed, (emphasis added)
The state admits that this case is a criminal prosecution, but argues that the word “all” in rule 3.251 really doesn’t mean “all,” but rather “some.” In my opinion, the controlling words of the rule are “all” and “shall.” The supreme court has convinced me that it means what it says when it uses “shall.” See Tascano v. State, 393 So.2d 540 (Fla.1980). The use of “all,” being the most positive and inclusive word that could be selected, would indicate that the supreme court also expected no more judicial tampering with “all” than it did with “shall.”
I recognize that the same reasoning should apply to the almost identical language of the United States and Florida State Constitutions, but, as demonstrated by the majority, this has not been the case. See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Hilliard v. City of Gainesville, 213 So.2d 689 (Fla.1968).
It can be logically argued, as the majority has done, that by adopting rule 3.251 in identical language to the Constitution, the rule was only intended to implement the right to jury trial. However, I think it can also be argued just as logically that because the rule is one of procedure adopted after Baldwin and Duncan, the Florida Supreme Court intended to afford a jury trial in all criminal prosecutions. If it had not, the court would have used language which would communicate to the state, defendant and trial court that it did not mean “all” but rather only those criminal prosecutions where the sentence exceeds six months imprisonment.
In most social circles, the possibility of a criminal prosecution is a matter of concern. An action which carries the possibility of any amount of time in the county jail would certainly compare in importance to an action to recover a debt, for which there is a right to a jury trial. Knowles v. Bank of Green Cove Springs, 393 So.2d 612 (Fla. 1st DCA 1981).
Perhaps, for reasons of judicial economy, the denial of a jury trial for petty offenses can be defended. If so, the rule should be drafted so as to clearly reflect this. However, in my view, neither expediency, economy nor efficiency can justify subjecting a person to confinement without the protection of a jury trial. The rule should be interpreted to mean “all ” and not “some." The right to a jury trial should commence when there is the possibility of confinement for even one day.