WIGGINTON, Judge.
Petitioner in prohibition seeks review of a final judgment denying his prayer for issuance of the writ and dismissing his petition.
In January, 1970, appellant was charged in the Municipal Court of the City of Gainesville with the infraction of several ordinances, to wit: careless driving, driving while intoxicated, resisting arrest, hit and run, and running a red light. Violations of the ordinances with which appellant was charged likewise constitute violations of state statutes which proscribe the same offenses.[1]
The charter act of the City of Gaines-ville provides that persons charged with violation of city ordinances shall be tried “without a jury”.[2] This provision of the *563 city charter is common in most of the charter acts creating municipalities in our state, although in recent years there have been some notable exceptions. Following the rendition of several appellate court decisions affirming the constitutional authority of municipalities to penalize persons convicted of violating their ordinances without benefit of a jury trial,[3] the Legislature of Florida enacted two statutes during its 1970 legislative session dealing with the subject of trial by jury in municipal courts. By Chapter 70-372, Laws of Florida, Acts of 1970, it is provided that any person charged with the violation of a county or municipal ordinance for which no jury trial is provided may, when such violation is also a violation of a state law, have the cause transferred to an appropriate court in which a trial by jury is provided.[4] It is noted that the foregoing statute is general in scope and applies to a person charged with violation of any city ordinance if such violation also constitutes a violation of a state statute and the municipal court in which the person is charged has no provision for granting a jury trial. The Legislature of 1970 also enacted Chapter 70-279, Laws of Florida, Acts of 1970, dealing with the offense of driving a motor vehicle while under the influence of intoxicating beverages. This statute provides that anyone charged with violation of the act, whether in a municipality or not, will be entitled to a trial by jury on demand. It is further provided that in the event the person so charged is arraigned in a municipal court, the municipality will either set up the proper procedure to provide a trial by jury or transfer the cause to a court of competent jurisdiction in the county in which the municipality is located.[5]
On July 27, 1970, following the enactment by the Legislature of the two statutes above referred to, the City of Gainesville adopted an ordinance making express and detailed provision for trial by jury in its municipal court for all persons charged with the violation of its ordinances.[6]
It was after the adoption by the Legislature of the two statutes providing for jury trials in municipal courts for offenses which constituted violations of state statutes and the adoption by the City of Gainesville of the ordinance providing for trial by jury in the municipal court, that appellant filed a motion in each of the cases pending against him asking that his cases be transferred to the Court of Record of Alachua County in which jury trials are provided in all cases. No ruling on appellant’s motions to transfer has ever been made by appellee judge. The court called for briefs by the parties on the question of the court’s jurisdiction to proceed in the cases against appellant and whether the cases should be transferred as prayed for by appellant. It was while the court had the question of its jurisdiction under consideration that appellant filed in the Circuit Court of Alachua County this proceeding in prohibition by which he sought a writ prohibiting appellee from further exercising jurisdiction in the cases pending against him in municipal court. A rule nisi issued to which appellee filed his return in which he alleged that appellant’s motions' to transfer the cases against him to the Court of Record of Alachua County have never been ruled upon but are still under consideration and undisposed of by appellee. Responding to the merits of the petition, appellee alleged that Ordinance 1677 adopted by the city commission of Gainesville on July 27, 1970, which provides for jury trials in all cases in which a person is charged with violation of city ordinances of Gainesville, is a valid ordinance and wholly sufficient to provide appellant with the jury trial which he demands, rendering unnecessary the transfer *564 of the cases against him to the Court of Record of Alachua County. .
Upon consideration of the record before it, the circuit court rendered its final judgment in which it held that appellant’s petition for writ of prohibition was prematurely filed in that at the time of its filing ap-pellee had not yet ruled on appellant’s motions for an order of transfer. The court held that upon this ground alone it was required to deny the writ as prayed for by appellant.
After effectively disposing of the petition in the manner and on the ground above stated, the circuit court proceeded to consider that phase of the case relating to the two charges against appellant in which it is alleged that he is guilty of driving a motor vehicle while under the influence of alcoholic beverages. In consideration of these charges, the court held that the Municipal Court of Gainesville was authorized by law to try appellant for these offenses notwithstanding the provision of its charter adopted in 1927 which denied jury trials to persons charged with violating the ordinances of the city. The court reasoned that by the adoption of Chapter 70-279, Laws of Florida, Acts of 1970, (F.S. § 322.262(4), F.S.A.), the Legislature of Florida repealed and set for naught the provision of the city charter of Gainesville which disallowed trials by jury for offenses against the ordinances of the municipality. The statute to which the court referred and on which it relied provides, as stated above, that a person charged with violating a municipal ordinance which proscribes the operation of a motor vehicle while under the influence of intoxicants will be entitled to a trial by jury on demand. The statute further provides that if jury trial is demanded in a municipal court, the municipality will either set up the proper procedure to provide such a trial by jury or transfer the case to a court of competent jurisdiction in the county in which the municipality is located. The circuit court found that the foregoing statute had been implemented by the City of Gainesville when it adopted Ordinance 1677 on July 27, 1970, making express and detailed provision for trial by jury in the municipal court for persons charged with the violation of its ordinances.
Appellant urges several points for reversal. He contends that the trial court erred in holding that the filing of this action was premature merely because the municipal court had not yet ruled upon his motions to transfer. Appellant also urges that the trial court committed error in holding that the July 27, 1970, ordinance adopted by the City of Gainesville which purports to make express and detailed provisions for trial by jury in the municipal court was a valid enactment since it is in direct conflict with the provision of the city charter which prohibits jury trials. He rests his case on the proposition that since the City of Gainesville has no lawful authority under its charter to provide trials by jury for those accused of violating its ordinances, the two statutes enacted by the Legislature in 1970 affirmatively require that the charges against him be transferred to the Court of Record of Alachua County where trial by jury may be afforded. Although the points made by appellant are arguable and interesting, we do not believe them to be sufficient to justify reversal of the judgment appealed.
Our view of the primary issue raised by this appeal leads us to the following conclusion. During the past decade there has arisen a judicial philosophy among some of the courts of our country that individual rights are of superior importance to the rights of the public generally. This philosophy was spawned and has been assiduously fostered by the courts comprising the federal system under the leadership of the Supreme Court of the United States. Such philosophy has as it central theme the tenet that due process of law as guaranteed by our state and federal constitutions requires that all persons charged with serious criminal offenses must be afforded a trial by jury of the *565 charges against them. It was in response to this brand of judicial philosophy that the Legislature of Florida in 1970 enacted the two statutes referred to above which require that persons charged with violating municipal or county ordinances be afforded a trial by jury if the offenses are ones which likewise constitute violations of state law. By the enactment of such statutes, it is our view that the Legislature intended to and did effectively amend by implication all municipal and county charters existing in Florida to the extent of permitting jury trials in all cases to persons charged with violation of their ordinances, if such violations also constitute violations of state statutes. Such legislation, being remedial in nature, became applicable to the charges pending against appellant in the Municipal Court of Gainesville upon the effective date of the statutes in July, 1970. Such effective date preceded appellant’s motions to transfer the cases against him to the Court of Record of Alachua County in order that he might be afforded a trial by jury. The enactment of such statutes by the Legislature, implemented by the ordinance passed by the City of Gainesville shortly thereafter which made detailed provision for trial by jury in the municipal court in all cases involving the violation of city ordinances, effectively provided appellant with the procedural safeguard of trial by jury which he so diligently pursues by this appeal. Since trial by jury is afforded all persons charged with violation of the city ordinances of Gainesville, those provisions of the state statutes requiring transfer of such cases to another court of the county in which jury trials are provided are inapplicable.
We also note in passing that after rendition of the final judgment appealed herein the 1971 session of the Florida Legislature enacted House Bill 2229,[7] the effect of which was to amend the city charter of Gainesville by eliminating from it that provision originally contained therein which denied trial by jury to persons charged with violating its ordinances. Such amendment to the charter would operate to validate Ordinance 1677 adopted on July 27, 1970, which made detailed provision for trial by jury in all cases involving violation of the ordinances of the city, even if the ordinance was otherwise vulnerable to the assault made upon it by appellant.
For the reasons hereinabove set forth, the judgment appealed herein is affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

. §§ 317.221, 317.201, 317.071, 317.061, and Ch. 843, F.S.

. Art. 1, § 13(e), Ch. 12760, Laws of Florida, Special Acts of 1927.

. City of Gainesville v. Hilliard, (Fla. App. 1968) 207 So.2d 520, aff’d Hilliard v. City of Gainesville, 213 So.2d 689 (Fla.1968) ; Smith v. Davis, (Fla.1970) 231 So.2d 517.

. F.S. § 932.61, F.S.A.

. F.S. § 322.262(4), F.S.A.

. Ordinance No. 1677, § 1 — 11.

. Ch. 71-647, Laws of Florida, Special Acts of 1971.