I. B. HOOKS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—CONTRACT MADE ON SUNDAY NOT VOID—
UNLAWFUL DISPOSITION OF MORTGAGED PROPERTY.

1. By the common law the fact that a contract was executed on Sunday did not vitiate or affect it.

2. Whether or not a contract is affected by the fact of having been executed on Sunday depends upon the terms and provisions of the State Statute on the subject.

3. Section 3565 General Statutes of 1906 inhibits the following or performance on Sunday only of such pursuit, business or trade as requires the use of manual labor, or animal or mechanical power to conduct or perform it. The execution of a note, mortgage or other contract, involving neither manual labor nor animal or mechanical power, is not prohibited by this statute to be performed on Sunday, and, consequently, the validity of any contract made in this State is not affected by the fact that it was executed or delivered on Sunday. The purpose of our statute, when all of its provisions are considered, seems to be to prohibit the performance on Sunday only of those works or pursuits that from their nature have to be performed in public, and that may, therefore, be offensive to the sensibilities of the Christian community in which they are carried on if followed on the Lord's day.

4. It is no defense to a prosecution under our statute forbidding the sale of mortgaged property without the consent of the mortagee, that such property was sold for just enough or less than enough to pay the rent of the land on which it was grown and the hire of laborers in gathering and shipping it to market.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error, by writ of error, brings here for review a judgment of the Circuit Court of Jackson County whereby he was convicted of the statutory misdemeanor of disposing of mortgaged personal property without the consent of the mortgagee. The indictment alleged that the defendant unlawfully sold and disposed of a crop of watermelons grown and raised by him in Jackson County during the year 1908 that was mortgaged to the Farmers Union Warehouse Co., a corporation without first paying off and discharging such mortgage and without the consent of the said mortgagee.

To make out its case the State offered in evidence the following paper writing:

"State of Florida Jackson County.
$258.98     4--23--08          Cottondale, Fla.

On or before Oct. 1st, 1908, I promise to pay to Farmers Union Warehouse Co. or bearer, two hundred and fifty-eight dollars and ninety-eight cents for 100 sacks Animal Bone Fertilizer, for five sacks Nitrate of Soda sold to me by Farmers Union Warehouse Company. Should this note remain unpaid at maturity and placed in the hands of an attorney for collection or adjustment there shall also become due and payable on this note an attorney's feet of ten per cent on the amount of said principal and interest due and to become due thereon.

This note bears interest from its maturity at the rate of eight per cent per annum until paid. The consideration of this note is the commercial fertilizers mentioned

above, and which has been sold to me by the said Farmers Union Warehouse Co., expressly understood that said company has refused to make and does not make any warranty of the quality or value of such fertilizer or any representation as to its quality, and that I am to rely as to such quality or value solely upon the fact that the laws of said State as to the analysis of such fertilizer have been complied with in so far as it is necessary to offer the same for sale in this State. The said fertilizer for which this note is given has been advanced to me for the express purpose of aiding me in carrying on my farming operations during the present year on my farm containing .......... acres more or less in section ........, Farmers Union Warehouse Company ...... in said State and County, and I hereby create a lien in favor of the said Farmers Union Warehouse Company and its assigns for the principal amount of said note and the interest thereon and an attorney's fee as above provided on all crops and products that shall be made or grown on said farm during the present year and also upon ............

Witness my hand and seal this 23rd day of April, A. D. 190.....

    (Signed)          I. B. HOOKS (Seal.)
Signed, sealed and delivered    )
  in our presence          )
(Signed)  F. E. Dickson."    )

Appended thereto was what purported to be an acknowledgement by the maker before a Notary Public of the execution and delivery thereof.

To the introduction of this paper in evidence the defendant objected on the grounds that the paper was vague, indefinite, uncertain and did not constitute a valid lien or mortgage on the water-melons set forth in the indictment — (2) because said paper was not sufficiently

definite to create a lien or mortgage on the melons set forth in said indictment, and was not a mortgage. These objections were overruled and the paper upon proof of its execution was admitted in evidence to which ruling exception was taken, and this is assigned as error. There was no error here. Under the broad terms of Section 2494 General Statutes of 1906 declaring what shall be deemed and held to be mortgages, it is clear that the instrument in question is a mortgage, and we fail to discover any vagueness or indefiniteness in its terms. It expressly creates a lien as security for the debt therein promised to be paid "on all crops and products that shall be made or grown on said farm during the present year." The melons mentioned in the indictment were shown to have been grown and raised during the year 1908 as part of his crops by the defendant, and under the express terms of the instrument were covered thereby.

The defendant offered to prove by himself as a witness and also by other witnesses that the note or mortgage was made and executed by him on Sunday and was, therefore void; and requested the court to instruct the jury to the effect that if they believed that the mortgage in question was executed on Sunday then the same was void and they should acquit the defendant; but this proffered proof was excluded and the requested instructions were refused and these rulings are assigned as error, and present the question whether contracts made on Sunday in this State are *ipso facto* void. At the common law the fact that a contract was executed on Sunday did not vitiate or affect it, but in many of the American States statutes have been adopted which have been construed by their courts as having the effect of annulling any contract executed and delivered on Sunday, on the ground that such statutes prohibited the making of contracts on that day, and that all contracts made on said day were

in violation of such statutes, and were, therefore, null and void. All the authorities agree that whether or not a contract is affected by the fact of having been executed on Sunday depends upon the terms and provisions of the State statute on the subject. Our Florida statute on the subject, Section 3565 General Statutes of 1906, provides as follows: "Whoever follows any pursuit, business or trade on Sunday, either by manual labor or with animal or mechanical power, except the same be work of necessity, shall be punished by a fine not exceeding fifty dollars."

This being a penal statute of course the same must be strictly construed. What pursuit, business or trade does it inhibit the following or performance of on Sunday? Clearly such as requires manual labor, or animal or mechanical power to perform it. The execution of a note, mortgage or other contract requires neither manual labor nor any animal or mechanical power, and we do not think that their execution on Sunday is prohibited by this statute, and that, consequently, the validity of any contract made in this State is not affected by the fact that it was executed or delivered on Sunday. The purpose of our statute, when all of its provisions are considered, seems to be to prohibit the performance on Sunday only of those works or pursuits that from their nature have to be performed in public, and that may, therefore, be offensive to the sensibilities of the Christian community in which they are carried on if followed on the Lord's day. 1 Page on Contracts, §§ 455, 456; Bloom v. Richards, 2 Ohio St., 387; Johnson v. Brown, 13 Kan. 529; Horacek v. Keebler, 5 Neb. 355; Ray v. Catlett, 12 B. Monroe 532; Boynton v. Page, 13 Wend. 425; Moore v. Murdock, 26 Cal. 515; Roberts v. Barnes, 127 Mo. 405, 30 S. W. Rep. 113, S. C. 48 Am. St. Rep. 640; Hellams v. Abercrombie, 15 So. Car. 110, S. C. 40 Am. Rep. 684; Fitz-

gerald v. Andrews, 15 Neb. 52, 17 N. W. Rep. 370. There was no error in the rulings complained of.

The defendant also offered to prove that the crop of melons sold by him did not realize more than enough to pay the rent of the land on which they were grown and for the hire of labor in gathering and shipping them, but this evidence was excluded and such ruling is assigned as error. There was no error here. The statute violated forbids the sale of mortgaged property, and makes no exception in favor of the party who sells such property for less than enough or only enough to pay the rent of land on which it was produced and the hire of labor to gather and ship it.

Finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of Jackson County, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., Concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., Concur in the opinion.