WILLIAM ORR, v. H. LESLIE QUIGG, Chief of Police of the City of Miami.

185 So. 726.
Opinion Filed December 28, 1938.
Rehearing Denied January 25, 1939.

*William J. Pruitt and Julius F. Parker,* for Petitioner; *J. W. Watson, Jr.,* for Respondent.

*Herbert U. Feibelman* and *Louis M. Jepeway,* as *amici curiae.*

CHAPMAN, J.—It has been made to appear by petition for writ of habeas corpus that William Orr, the petitioner, was being unlawfully detained of his liberty by H. Leslie Quigg, as Chief of Police of the City of Miami, Florida. By the return as made by the Chief of Police, *supra,* to the writ of habeas corpus so issued by this Court, it was made to appear that the petitioner was being detained on two warrants drawn under Ordinance No. 319 and issued by Frank J. Kelly, City Clerk of the City of Miami. The warrants and City Council Ordinance No. 319 are, viz.:

"IN MUNICIPAL COURT IN AND FOR THE CITY OF MIAMI, STATE OF FLORIDA.

"STATE OF FLORIDA, CITY OF MIAMI, v. WILLIAM ORR.

"Before me the City Clerk in and for the City of Miami, Florida, personally came Ben B. Williams, who being duly sworn, says that on Sunday, the 10th day of July, A. D.

1938, at and in the City aforesaid, one William Orr did then and there unlawfully keep open store and conduct a certain retail grocery business in violation of Section 7650 of the Compiled General Laws of Florida, 1927, by selling wares, merchandise, goods or chattels, the said violation involving neither cases of emergency or necessity nor the disposition of the comforts and necessaries of life to customers without keeping open doors, and the said violation being contrary to and against City Council Ordinance No. 319, of said City of Miami in such case made and provided and against the peace and dignity of the City of Miami.

"BEN B. WILLIAMS,

"Informant.

"Sworn to and subscribed before me this 11th day of July, A. D. 1938.

"FRANK J. KELLY, City Clerk.

"By R. C. Graham, Deputy City Clerk.

\* \* \*

"IN THE MUNICIPAL COURT IN AND FOR THE CITY OF MIAMI, DADE COUNTY, FLORIDA.

"State of Florida, County of Dade, City of Miami—36930

"In the name of the State of Florida, City of Miami, to the Chief of Police or Any Policeman of said City:

"Whereas Ben B. Williams has this day made oath before me that one William Orr on Sunday the 10th day of July, A. D. 1938, at and in the City of Miami, aforesaid, did then and there unlawfully keep open store and conduct a certain retail grocery business in violation of Section 7650 of the Compiled General Laws of Florida, 1927, by selling wares, merchandise, goods or chattels, the said violation involving neither cases of emergency or necessity nor the disposition of the comforts and necessaries of life to customers without keeping open doors, and the said violation

being contrary to and against City Council Ordinance No. 319, of said City of Miami in such case made and provided and against the peace and dignity of the City of Miami and

"Whereas, there is cause to believe that said complaint is well founded;

"These are, therefore, to command you forthwith to arrest the said William Orr and bring him before me to be dealt with according to law.

"Witness, the Honorable Cecil C. Curry, Judge, as also FRANK J. KELLY, Clerk of said Court, and the seal of our said Court, at the City Hall at Miami aforesaid, this 11th day of July, A. D. 1938.

"FRANK J. KELLY, City Clerk.
"By R. C. Graham, Deputy Clerk."

* * *

"ORDINANCE No. 319

"AN ORDINANCE TO FORBID AND PUNISH ANY ACT WITHIN THE CITY LIMITS WHICH SHALL BE RECOGNIZED AS A MISDEMEANOR.

"BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF MIAMI:

"Section 1. It shall be unlawful to commit, within the limits of the City of Miami, any act which is or shall be recognized by the laws of the State of Florida as a misdemeanor; and the commission of such acts is hereby forbidden.

"Section 2. Whosoever shall violate the provisions of this Ordinance upon conviction thereof, shall be punished by the same penalty as is therefor provided by the Laws of the State of Florida, but in no case shall such penalty exceed a fine of Two Hundred ($200.00) Dollars, or an imprisonment for more than ninety (90) days in the City Jail.

"Passed and Adopted this 20th day of January, 1920.

"J. T. Blackmon,
"President of Council.

"Attest: W. B. Moore, City Clerk.
"Approved this 24th day of January, 1920.

"William P. Smith,
"Mayor, City of Miami, Florida."

It is contended that the Ordinance (a) is unconstitutional and void; (b) that it is vague, indefinite, and so ambiguous as to render it meaningless; (c) that it is unsound, unreasonable, and invalid. Likewise counsel for respondent submits that the first question for decision is: Is an Ordinance which has been duly passed and adopted by the City of Miami valid and constitutional which adopts the misdemeanor statutes of the State of Florida by reference to said misdemeanors without setting up in the Ordinance the statute itself?

Section 3 (aa) of Chapter 10847, Special Acts of 1925, Charter of the City of Miami, provides:

"To make and enforce all ordinances, rules and regulations necessary or expedient for the purpose of carrying into effect the powers conferred by this charter or by any general law, and to provide and impose suitable penalties for the violation of such ordinances, rules and regulations, or any of them, by fine not exceeding five hundred dollars or imprisonment at hard labor on the streets or other works of the city for a term not exceeding sixty days, or both."

Likewise Section 84 of the Charter, *supra,* provides:

"All general laws of the State, applicable to municipal corporations, heretofore or hereafter enacted and which are not in conflict with the provisions of this charter or with ordinances or resolutions hereafter enacted by the commission pursuant to authority conferred by this charter, shall

be applicable to the said City, provided, however, that nothing contained in this charter shall be construed as limiting the power of the commission to enact any ordinance or resolution not in conflict with the Constitution of the State or with the express provisions of this charter."

Section 1 of Ordinance No. 319 makes it unlawful to commit any act within the limits of the City of Miami which shall be recognized by the Laws of Florida as a misdemeanor. This Ordinance is fully authorized by the Charter provisions 3 (aa) and 84, *supra*. The Legislature of Florida, under Section 8 of Article VIII of the Constitution of Florida, had the power to enact Chapter 10847, Special Laws, Acts of 1925, being the Charter of the City of Miami.

The same question was before this Court in the case of Wright v. Worth, 83 Fla. 204, 91 So. 87, when Ordinance No. 18 (a) of the City of Tampa provided by Section 1 thereof: "It shall be unlawful for any person, persons, firms or corporations to have or keep in possession any intoxicating liquors, the possession of which is made unlawful by the Act of Congress of the United States or to offer the same for sale within the limits of the City of Tampa. The Ordinance was upheld and in so doing this Court, in part, said:

"It is also contended that the city is wtihout authority to make the possession of intoxicating liquors an offense punishable in the municipal court.

"While the manufacture, sale and transportation of intoxicating liquors for beverage purposes have been expressly forbidden by Federal organic law, the same organic law expressly confers upon the Congress and the several states 'concurrent power to enforce' the commanded prohibitions 'by appropriate legislation.' Any laws that are valid and appropriate to enforce the organic prohibition are within

the power of the State; and regulations and reasonable prohibitions of the *possession* of intoxicating liquors are appropriate as a means to enforce the paramount organic prohibitions. See Johnson v. State, 81 Fla. 783, 89 South. Rep. 114.

"The State may authorize its municipalities to enforce prohibitions by ordinances that are consistent wtih State and Federal law. The ordinance challenged is not in fatal conflict with State laws and the ordinance expressly adopts by reference the Federal law. See Van Pelt v. Hilliard, 75 'concurrent power to enforce' the commanded prohibitions 'by appropriate legislation.' Any laws that are valid and appropriate to enforce the organic prohibitions are within the power of the State; and regulations and reasonable prohibitions of the *possession* of intoxicating liquors are appropriate as a means to enforce the paramount organic prohibitions. See Johnson v. State, 81 Fla. 783, 89 South. Rep. 114.

"The State may authorize its municipalities to enforce prohibitions by ordinances that are consistent with State and Federal law. The ordinance challenged is not in fatal conflict with State laws and the ordinance expressly adopts by reference the Federal law. See Van Pelt v. Hilliard, 75 Fla. 792, 78 South. Rep. 693.

"As the Federal law is the law of the land and as it does not in essence conflict with State law, ordinances adopting the Federal law by reference, do not violate charter powers which authorize ordinances that are consistent with State and Federal law."

See Hecht v. Shaw, 112 Fla. 762, 151 So. 333; State, ex rel. Murphy, v. Harlee, 100 Fla. 1562, 131 So. 866; Sconyers v. Town of Coffee Springs, 230 Ala. 12, 160 So. 552.

Section 7650 C. G. L., being a misdemeanor statute

adopted by Ordinance No. 319, has not been passed on by this Court, but similar statutes have been sustained. See Gillooley v. Vaughn, 92 Fla. 843, 110 So. 653; Hooks v. State, 58 Fla. 57, 50 So. 586.

It is not contended that Ordinance No. 319 is invalid because it contravenes Section 2949 C. G. L., which limits the power of municipalities to impose greater penalties than a $500.00 fine or imprisonment for longer than 60 days. While the ordinance, *supra,* imposes a penalty in the form of a fine not to exceed the sum of $200.00 or imprisonment of not more than 90 days we do not think this conflict sufficient to render the ordinance invalid. We cannot assume that a trial court will impose a sentence for the violation of Section 7650 C. G. L. in excess of the penalty therein prescribed or to exceed the penalty fixed by the ordinance, *supra,* but there is a presumption that the trial court will assess punishment within the amount and time limits of Sections 7650 C. G. L., and Ordinance No. 319. We think Section 7650 C. G. L., and Ordinance No. 319 are *in pari materia* and can be and should be read and considered together. See Bryan v. Dennis, 4 Fla. 445; Mitchell v. Duncan, 7 Fla. 13; Spencer v. McBride, 14 Fla. 403; Ferrari v. Board of Health, 24 Fla. 390, 5 So. 1; Liggett Co. v. Amos, 104 Fla. 609, 141 So. 153, 155; State v. Johnson, 71 Fla. 363, 72 So. 477; *Ex parte* O'Donovan, 24 Fla. 281, 4 So. 789; Forbes v. Board of Health, 28 Fla. 26, 9 So. 862, 13 L. R. A. 549.

We have carefully considered the authorities cited by counsel for petitioner. The petitioner is remanded to the custody of the Chief of Police of the City of Miami for further proceedings according to law. It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.