TERRELL, Justice.
Appellant was tried and convicted in the City Court of Tampa, Florida, for the violation of Ordinance 865-A, relating to misdemeanors and penalty therefor. He forthwith applied for and secured a writ of habeas corpus on the ground that his conviction was illegal in that Ordinance 865-A was in direct conflict with and was repugnant to Chapter 28000, Acts of 1953, now Section 165.191 and note F.S.A. A hearing was had and petitioner was remanded to the custody of the Chief of Police. The order of remand also permitted appeal to this Court.
It is contended that Chapter 28000, Acts of 1953, is a general law, utterly repugnant to Ordinance 865-A, and since it specifically repeals all laws and parts of laws in conflict therewith, it necessarily repeals Ordinance 865-A.
The purpose of Chapter 28000, as evidenced by the title, was to authorize municipalities to adopt or to incorporate by reference any published code or public record as defined therein, to require the filing of such codes and record's, -to prohibit the adoption of a penalty clause by references, to provide for the énforcement of said codes, to ratify the prior adoption of such codes and public records by reference, and to provide for severability of their provisions. By means of said Act municipalities may adopt building codes, plumbing codes, electrical codes and many other codes which often embrace hundreds of pages and which, except for Chapter 28000, would have to be adopted by ordinance and published in full at great expense to the taxpayers. The Act in question provides a much more expeditious and less expensive way to accomplish this purpose.
Appellant was charged and convicted for violating Section 317.20, Florida Statutes, F.S.A., as well as Ordinance 865-A, City of Tampa. Ordinance 865-A was an ordinance to forbid and punish any act within the city limits which shall be recognized by the laws of Florida as a misdemeanor. The portion of said ordinance which is alleged to be in conflict with Chapter 28000, Florida Statutes 1953, is Section 2, as follows:
“Section 2. Whosoever shall violate the provisions of this Ordinance upon conviction thereof, shall be punished) by the same penalty as is therefor provided by the Laws of the State of Florida, but in no case shall such-penalty exceed imprisonment for more than six months, or a fine of Five Hundred ($500.00), either or both.”'
*89 It will be observed that Ordinance 865-A makes the laws of Florida in relation to misdemeanor the law of the city in that said ordinance was valid under charter power of the city. In Orr v. Quigg, 135 Fla. 653, 185 So. 726, we had for review an ordinance of the City of Miami which was an exact copy of the ordinance before us except as to penalty. We upheld the validity of the Miami ordinance. See also Wright v. Worth, 83 Fla. 204, 91 So. 87. Section 7, Chapter 28000, the only portion of said Act that could be relied for repeal of Ordinance 865-A, expressly recognizes its validity.
It is therefore our view that Ordinance 865-A was a valid ordinance of the City, that it was enacted prior to Chapter 28000, that said Act by express or implied power did not intend the repeal of said ordinance, neither did it intend to repeal the charter power of the city.
For which we think the decree appealed from must be and is hereby affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.