## CITY OF PENSACOLA v. CHRISTIE.

Circuit Court, Escambia County, Criminal Appeal.

June 28, 1962.

Frederic G. Levin of Levin & Askew, Pensacola, for appellant.

Paul L. Cummings, Assistant City Attorney, for appellee.

ERNEST E. MASON, Circuit Judge.

This is an appeal from the municipal court of the City of Pensacola. On April 18, 1962, the appellant was convicted in said court under the second count of a complaint containing two charges and fined $50 and costs. Count one of the complaint charged the appellant (defendant below) with a violation of section 4.2 of the city code which makes it unlawful to sell alcoholic beverages containing more than one per cent alcohol by weight

between the hours of two-thirty o'clock a.m. and six o'clock a.m. on a week day, and between the hours of two-thirty o'clock a.m. on Sunday and six o'clock a.m. on the following Monday. The appellant was acquitted below of this charge. Count two of the complaint charged the appellant with a violation of section 20.1 of the city code by "allowing alcoholic beverages to be consumed on premises after hours." The court below adjudged the appellant guilty as charged in this count and sentenced her as stated above.

The assignments of error herein raise the question as to the validity of the charge upon which the appellant was convicted and sentenced, it being the contention of appellant that there is no ordinance of the City of Pensacola, appellee herein, making it an offense against said city to "allow alcoholic beverages to be consumed on premises after hours." We agree, and hold that the conviction and sentence is void and must be reversed.

The power of the City of Pensacola to regulate traffic in alcoholic and intoxicating beverages is found under its general police power contained in section 1, paragraph (5), and section 2 of its charter (chapter 15425, Laws of Florida, Acts of 1931), in the drafting of which, incidentally, the writer as a member of the legislature had a part; as well as in certain provisions of the general laws of Florida, particularly sections 562.14 and 165.191, Florida Statutes 1961.

Section 1(5) of the city charter empowers the City of Pensacola to adopt and enforce within its limits local police, sanitary and other similar regulations not in conflict with general laws.

Section 2 of the charter provides that the city shall have and may exercise, all powers which under the constitution of Florida it would be competent for the charter specifically to enumerate.

The general beverage law of Florida in section 562.14(1) makes it a violation of state law to sell, consume or serve, or to permit to be served or consumed, *in any place holding a license under the state beverage department of Florida, any alcoholic beverages,* between certain hours set out in the statute.

The same law, section 562(2), prohibits the sale, consumption or serving, and the permitting of service or consumption, *of intoxicating beverages in any place holding a license under the state beverage department of Florida,* between certain hours designated therein.

Incorporated municipalities are authorized by section 562.14(3) to regulate by ordinance the hours of *sale* of alcoholic beverages

within the corporate limits thereof, notwithstanding the provisions of the beverage law otherwise treating with this subject of *sale* of such beverages.

Municipalities of Florida are authorized to adopt by reference a statute of Florida in effect at the time of such adoption, such adoption to be done by duly enacted ordinance of the city so adopting (section 165.191). Under authority of this statute the City of Pensacola ordained ordinance no. 20.1, as a part of the official "Code of Ordinances" of the city, on March 26, 1959, which was subsequent to the enactment by the legislature of Florida of the Florida Beverage Law above referred to and in effect at the time of the offense alleged to have been committed by appellant. That a municipality may adopt by reference a portion of the criminal statutes of the state and make acts which are violations of such statutes municipal offenses has been affirmed by the Supreme Court in Orr v. Quigg, Fla., 185 So. 726.

Section 20.1 of the code of the City of Pensacola provides that it shall be unlawful for any person to commit, within the corporate limits of the city, any act which is recognized by the laws of the state as a misdemeanor, and forbids the commission of any such acts. The ordinance provides appropriate penalties for any violation of it. The Beverage Law of Florida declares a violation of any provision of section 562.14 thereof to be a misdemeanor.

Pursuant to authority granted it by the legislature of Florida by the several statutes referred to above, and particularly by section 562.14(3), the City of Pensacola adopted ordinance no. 4.2 which makes it unlawful for any person to sell alcoholic beverages containing more than one per cent alcohol by weight within the corporate limits of the city, between the hours of two-thirty o'clock a.m. and six o'clock a.m. on each week day, and between two-thirty o'clock a.m. on Sunday and six o'clock a.m. on the following Monday, and forbids any place selling such beverages, from remaining open during such hours, with the exception of restaurants or other eating places. The latter are permitted to remain open, but forbidden to sell such beverages or to permit their consumption, during such hours.

There is no ordinance of the city specifically regulating the hours of *consumption* or of the *permitting of consumption* of alcoholic beverages in the city, unless the last exception or qualification of ordinance no. 4.2 applying to eating places only may be so construed.

The Beverage Law of Florida does not grant authority to municipalities to regulate the hours of *consumption* of alcoholic bev-

erages, only the hours of sale of such. Therefore, any authority of the appellee city to regulate the matter of *consumption* of such beverages is found only by its adoption by reference of the statute dealing with this phase of the subject matter. This the appellee city has done by the enactment of ordinance no. 20.1, which makes it a municipal offense to commit any act within the city which is declared by state law to be a misdemeanor. The Beverage Law of Florida (sections 562.14(1), (2), and (5)), as we have seen, makes it a misdemeanor to consume or serve or permit to be served or consumed alcoholic and intoxicating beverages between certain hours therein named, *in any place holding a license under the state beverage department of Florida* (emphasis ours). Thus it is unlawful to consume or permit to be consumed such beverages only in state beverage department licensed establishments, in the city of Pensacola. The state law (adopted by reference by appellee city as noted above) does not declare generally that it is unlawful during forbidden hours to consume or to permit the consumption of alcoholic beverages in the city of Pensacola. Only in such licensed establishments is it forbidden.

Therefore, any complaint charging a violation of this ordinance must specifically allege that the act of consumption or serving of an alcoholic beverage, or the commission of either act, took place in an establishment holding a license under the state beverage department of Florida. Turning to the charge contained in the second count of the complaint under which the appellant was found guilty, we note the absence of this essential element of the offense. The charge alleged is "allowing alcoholic beverages to be consumed on premises after hours." There is no such offense denounced by the ordinances of the city. It must be borne in mind that here we are dealing with a criminal charge and no intendments may be indulged. In all such cases the accusatory instrument must charge the defendant with certainty and precision to have committed the act charged, and a failure to set forth an essential ingredient of the offense as defined by the statute (or ordinance) renders it subject to motion to quash (17 Fla. Jur. 253). No such motion was made in the court below. However, where the instrument (the complaint herein) fails to allege an essential element of the statutory offense sought to be charged, it cannot support a conviction (Brunson v. State, Fla., 70 So. 390; 17 Fla. Jur. 310) A verdict or judgment of guilty will not cure a failure to allege an offense, or the omission of an essential allegation. Such omission is fatal after as well as before the verdict (17 Fla. Jur. 313).

Therefore, the complaint failing to charge an essential allegation of the offense denounced by the statute, viz: the commission

of the act complained of in a licensed establishment, is insufficient to charge the appellant with an offense denounced by the statute, and her conviction under said complaint is void.

Having concluded that this cause should be reversed for failure of the complaint to charge an offense against appellee city under applicable statutes and ordinances, it is unnecessary for the court to pass upon the other issues and questions raised by the assignments of error; and this decision is to be construed as determinative only of the one issue of sufficiency of the complaint to charge an offense.

The judgment and sentence appealed is reversed, set aside and held for naught.