PER CURIAM.
The State seeks review of an order quashing the information filed in the criminal court, on the grounds of former jeopardy. From the record, it appears that on March 17, 1967 the appellee was *897 arrested by officers of the City of Miami and charged with violation of City Ordinance Ch. 2702, § 19-3, prohibiting operation of a gambling room. The appellee was tried by the Municipal Court in and for the City of Miami, and acquitted. Thereafter, on April 7, 1967, an information charging appellee with maintaining a gambling room in violation of § 849.01, Fla.Stat., F.S.A., was filed. This information was based on the same set of facts and circumstances giving rise to the arrest of March 17, 1967, and the prosecution in the municipal court. Thereafter, the defendant pleaded former jeopardy. The trial court quashed the information, finding that the filing of same constituted double jeopardy in light of the proceedings in the municipal court. We reverse.
The mere fact that the same set of facts will support a charge under a municipal ordinance, as well as a charge of violation of a State statute, does not constitute double jeopardy. State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697; Waller v. State, Fla.App.1968, 213 So.2d 623; Hilliard v. City of Gainesville, Fla. 1968, 213 So.2d 689. Neither does the fact that the City of Miami had adopted, by ordinance, the State criminal statute and prosecuted for a violation of the ordinance. Orr v. Quigg, 135 Fla. 653, 185 So. 726; Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195; State ex rel. McFarland v. Roberts, Fla.1954, 74 So.2d 88; § 165.191, Fla.Stat., F.S.A., 9 Fla.Jur., Criminal Law, § 216; 23 Fla.Jur., Municipal Corporations, §§ 84, 94, 110.
The appellee’s point, that because this court previously dismissed an appeal from an oral ruling of the trial court precludes review of the order in the instant action, is without merit. The dismissal of the earlier appeal was on the ground that there was no jurisdiction in this court. State v. Shedaker, Fla.App.1966, 190 So.2d 429; State v. Malone, Fla.App.1968, 215 So.2d 892; Jenkins v. Lyles, Fla.1969, 223 So.2d 740. The effect of this ruling was to leave the matter still pending in the trial court until such time as a formal written order was duty entered.
Therefore, for the reasons above stated, the order here under review be and the same is hereby reversed, with directions to reinstate the information against the ap-pellee.
Reversed and remanded, with directions.