QUESTION: May the City of Hollywood enact an ordinance incorporating by reference state misdemeanor and felony statutes?
SUMMARY: The City of Hollywood has the authority to enact an ordinance which incorporates by reference the misdemeanor and felony statutes of Florida. However, prosecution for violation of such municipal ordinance in municipal court will bar subsequent prosecutions for violation of the state criminal statutes, so the enactment of such an ordinance should be avoided. Municipalities are authorized by the Florida Constitution to "exercise any power for municipal purposes except as otherwise provided by law." Article VIII, s. 2(b), State Const. Pursuant to this constitutional mandate, the State Legislature enacted Ch. 73- 129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F. S.), which grants broad home rule powers to municipalities to enact legislation concerning any subject matter (with specific exceptions) upon which the State Legislature may act. Section166.021(3); AGO 072-216, in which it was stated that local legislation which has a direct and substantial relationship to the preservation of the public peace and order, and to the health, morals, safety, and general welfare of the municipal population, constitutes a municipal purpose. Against this background, you inquire as to whether the City of Hollywood may enact an ordinance which incorporates by reference both the misdemeanor and felony statutes of Florida. As authority for such enactment, you cite s. 165.191, F.S., the purpose of which is to authorize municipalities to adopt by reference any published code or public record, including provisions of Florida Statutes, thereby avoiding the expense of setting out such codes and records at full length. See State ex rel. McFarland v. Roberts, 74 So.2d 88 (Fla. 1954), in which a municipal ordinance incorporating by reference the misdemeanor statutes of Florida, and imposing a maximum penalty for violation thereof, was upheld. See also Orr v. Quigg,185 So. 726 (Fla., 1938); and AGO 073-324. In State v. Malone,227 So.2d 896, 897 (3 D.C.A. Fla., 1969), the court stated that "[t]he mere fact that the same set of facts will support a charge under a municipal ordinance as well as a charge of violation of a state statute, does not constitute double jeopardy." Although this decision has been overruled in effect by the United States Supreme Court decision in Waller v. State, 397 U.S. 387 (1970), discussed infra, the fact that the ordinance violated in Malone had apparently adopted a state felony statute, s. 849.01, F.S., is important to a consideration of the validity of the proposed ordinance here. This decision, together with the decision in State ex rel. McFarland v. Roberts, supra, and the broad grant of municipal powers discussed hereinabove, leads me to the conclusion that the City of Hollywood, if it so desires, may enact an ordinance incorporating by reference the misdemeanor and felony statutes of Florida. As a concomitant of such authority, I am also of the opinion that an ordinance may be enacted conferring upon the municipal court the authority to issue search warrants in connection with an act that, if substantiated by search and seizure, would constitute a violation of a municipal ordinance which incorporates by reference state misdemeanor and felony statutes. Attorney General Opinions 073-161 and 070-183. However, the practical benefit of the enactment of such ordinances escapes me. At the time s. 165.191, F.S., was enacted (1953), and State ex rel. McFarland v. Roberts, supra, and State v. Malone, supra, were decided, it was permissible for a person tried for a violation of a municipal ordinance to be subsequently prosecuted for the violation of a state criminal statute growing out of the same set of facts. Since the United States Supreme Court decision in Waller v. State, supra, however, such subsequent prosecution constitutes double jeopardy and is prohibited. As a consequence, any benefit previously derived from trying a person in municipal court for a violation of a municipal ordinance in such circumstances is now greatly outweighed by the impediment which such municipal trial poses to a successful subsequent prosecution in county or circuit court for violation of the state criminal statutes. Cf. AGO 073-161. Thus, I must strongly suggest that, although a municipality may have the authority to incorporate by reference state misdemeanor and felony statutes, such incorporation would be inappropriate and should be avoided.