MUSZYNSKI, Circuit Judge:
The appellant by direct appeal pursuant to Article , V, Sec. 3(b)(1), Fla.Const., seeks review of an order of the Municipal Court of the City of Homestead, purportedly holding Fla.Stat. Sec. 843.02 to be constitutional.
The appellant was arrested on charges of assault and battery and resisting arrest without violence which resulted respectively from the appellant’s throwing a bottle at a police officer and his attempt to flee after being informed that he was under arrest. The appellant was purportedly charged for violations of Sections 784.03 and 842.02, Florida Statutes, respectively. The appellant was adjudicated guilty of both charges in a non-jury trial in the municipal court of the City of Homestead and sentenced to thirty days in the municipal jail. The appellant’s motion for new trial was granted, and was once again found guilty of both charges. In its order denying the appellant’s amended motion for new trial which alleged the unconstitutionality of Fla.Stat. Sec. 843.02, the trial court held that:
“The charge of resisting arrest without violence lodged against the defendant and upon which said defendant was found guilty is constitutionally firm and not in violation of Article I, Section 9, of the Florida Constitution and the Fourteenth Amendment to the United States Constitution.”
At the time the appellant sought review by direct appeal, it appeared that this Court could properly assume jurisdiction. Subsequent to oral argument, the appellant filed a supplement to the record on appeal in response to an order of this Court. An *498 examination of this supplemental record clearly reveals that the appellant was not charged under Fla.Stat. Sec. 843.03, but under a municipal ordinance enacted in 1952 which adopted all of the criminal misdemeanor laws of the State of Florida as municipal ordinances. Specifically, the ordinance provides that:
“It shall be unlawful to commit, within the limits of the City, any act which is or shall be recognized by the laws of the State of Florida as a misdemeanor, and the commission of such act is hereby forbidden.” Ord. No. 385, Ch. 2, Sec. 1, City of Homestead (1952).
A municipality may enact an ordinance which creates an offense against municipal law for the same act that constitutes an offense against State law. Orr v. Quigg, 135 Fla. 653, 185 So. 726 (1938); Theisen v. McDavid, 34 Fla. 440, 16 So. 321 (1894). Similarly, a municipality by ordinance may adopt State misdemeanor statutes by specific reference or by the general reference contained in the above ordinance. Orr, supra.
Such an adoption by general reference as contained in the above ordinance permits subsequent amendments, revisions and repeals of the laws by the state legislature to apply to the municipal ordinances. Hecht v. Shaw, 112 Fla. 762, 151 So. 333 (1933); Williams v. State ex rel. Newberger, 100 Fla. 1567, 125 So. 358 (1930), different results reached on reh. on other grounds. 100 Fla. 1570, 131 So. 864 (1930).
Article V, Sec. 3(b)(1), Fla. Const., permits direct appeals to this Court from trial court orders which initially and directly pass on the validity of a state statute. This provision does not provide for jurisdiction of cases such as the instant cause wherein the appeal is from an order holding a municipal ordinance constitutional even though a state statute has been adopted as an ordinance. Article V, Sec. 5, Fla.Const., provides that the appellate jurisdiction of the circuit courts shall be provided by law. Section 26.012, Florida Statutes, provides that circuit courts shall have appellate jurisdiction of cases arising in county and municipal courts except wherein the appeal “may be taken directly to the supreme court”. Similarly, Section 924.41, Florida Statutes, vests jurisdiction in the circuit courts to hear appeals from criminal judgments of municipal courts. Thus, the circuit court is the proper forum in which this issue should be decided. Wade v. City of Cocoa, 145 So.2d 481 (Fla.1962); Dresner v. City of Tallahassee, 134 So.2d 228 (Fla.1961); Brown v. City of Jacksonville, 236 So.2d 1141 (Fla.App. 1st 1970), rev’d on other grounds, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). See Radford v. Town of Palm Beach Shores, 267 So.2d 36 (Fla.App. 4th 1972). Accordingly, this appeal is transferred sua sponte to the Circuit Court of Dade County.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.