Gerald Holley Washington County Attorney
J. L. Miner Clerk Circuit Court Chipley
QUESTIONS:
1. May a municipality enact an ordinance which creates offenses against the municipality for the same acts that constitute offenses against state criminal statutes, or by ordinance adopt state criminal or penal laws by specific or general reference thereto, and receive the fines and forfeitures and civil penalties generated from violations of such ordinances?
2. Is a municipality which created a city court immediately prior to the abolishment of such courts entitled to the fines and forfeitures and civil penalties generated from violations of its ordinances occurring within the municipality?
SUMMARY:
A municipality may enact an ordinance which creates offenses against the municipality for the same acts that constitute offenses against state criminal statutes, or by ordinance adopt state criminal or penal laws by specific or general reference thereto, and receive the fines and forfeitures and civil penalties generated from violations of such ordinance. A municipality which created a municipal court immediately prior to the constitutional abolishment of such courts is entitled to the fines and forfeitures and civil penalties generated or resulting from violations of its ordinances or violations or infractions of Chs. 316 and 318, F. S., occurring within the territorial jurisdiction of the municipality. In light of Waller v. Florida, 397 U.S. 387
(1970), and the rule of law governing double jeopardy, due care should be taken to ensure that no person is prosecuted for a violation of a municipal ordinance in those cases where the same acts or facts for which the accused person is to be charged are at the same time violations of the state misdemeanor or felony statutes.
AS TO QUESTION 1:
The first question is answered in the affirmative.
Chapter 166, F. S., serves as the implementing statutory provision for municipal home rule as set forth in s. 2, Art. VIII of the State Constitution. Specifically, s. 166.021, F. S., describes the scope of powers afforded a municipality, as well as the limitations on those powers. As stated in s. 166.021(1):
 . . . municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. (Emphasis supplied.)
See also City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764,766 (Fla. 1974), stating that Ch. 166, F. S., is a broad grant of power to municipalities in recognition and implementation of s. 2(b), Art. VIII, State Const.; and s. 166.021(1), F. S., pursuant to which municipalities may exercise any power for municipal purposes except when expressly prohibited by law; and s.166.021(3), F. S., wherein the Legislature expressly recognizes that pursuant to the aforesaid constitutional grant of power, the governing body of a municipality has the power to enact legislation on any subject matter upon which the Legislature may act.
The only other limitations placed on the powers of municipalities are set forth in s. 166.021(3). A municipality may not act when: The subjects of annexation, merger, and exercise of extraterritorial power are involved, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution; the subject is expressly prohibited by the Constitution; the subject is expressly preempted to state or county government by the Constitution or by general law; or the subject is expressly preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), (3), and 6(e), Art. VIII of the State Constitution.
The grant of power to municipalities under these constitutional and statutory provisions for municipal home rule is broad; and the intent of the Legislature to give such broad grant of power is articulated in s. 166.021(4), which provides: `The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the Constitution.'
As noted in State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978), municipalities are no longer dependent upon the Legislature for legislative authorization; and statutes are relevant only to determine limitations on the authority granted by s. 2, Art. VIII, State Const. Section 166.021 was unanimously held to be constitutionally valid in City of Miami Beach v. Forte Towers, Inc., supra.
The power of a municipality to enact ordinances adopting or incorporating by reference the criminal or penal statutes of the state was recently addressed by the Supreme Court in Jaramillo v. City of Homestead, 322 So.2d 496 (Fla. 1975). The court held that a municipality may enact an ordinance which creates an offense against municipal law for the same act that constitutes an offense against state law. Also, a municipality by ordinance may adopt state misdemeanor statutes by specific reference or by general reference contained in the enacting ordinance. Such an adoption by general reference of any act which is or shall be proscribed by the state criminal or penal laws permits subsequent amendments, revisions, and repeals of laws by the State Legislature to apply to such municipal ordinances. See also AGO 074-240. Based upon the foregoing constitutional and statutory provisions and case authority, a municipality is empowered to enact an ordinance which creates offenses against the municipality for the same acts that constitute offenses against state criminal statutes, or by ordinance adopt state criminal or penal laws by specific or general reference thereto.
As to the receipt of fine and forfeiture moneys and civil penalties collected from the violation of such municipal ordinances, s. 20(c)(8), Art. V, State Const., and ss. 34.191,142.03, 316.660, and 318.21, F. S., provide for the disposition of such moneys so collected. Section 20(c)(8), Art. V, State Const., states in pertinent part:
 All fines and forfeitures arising from offenses tried in the county court shall be collected, and accounted for by clerk of the court, and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county or municipal ordinances committed within a municipality within the territorial jurisdiction of the county court shall be paid monthly to the county or municipality respectively . . . . (Emphasis supplied.)
Section 142.03, F. S., provides in relevant part:
 Except as to fines, forfeitures, and civil penalties collected in cases involving violations of municipal ordinances, violations of chapter 316 committed within a municipality, or infractions under the provisions of chapter 318 committed within a municipality, in which cases such fines, forfeitures, and civil penalties shall be fully paid monthly to the appropriate municipality as provided in ss. 34.191, 316.660, and 318.21, and except as to fines imposed under s. 775.0835(1), all fines imposed under the penal laws of this state in all other cases, and the proceeds of all forfeited bail bonds or recognizances in all other cases, shall be paid into the fine and forfeiture fund of the county in which the indictment was found or the prosecution commenced . . . . (Emphasis supplied.)
Section 34.191(1), F. S., states:
 All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for clerk of the court and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county, or municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, shall be paid monthly to the county or municipality respectively except as provided in s. 23.103. (Emphasis supplied.)
Additionally, s. 316.660, F. S. (former s. 316.0261, F. S.), providing for the disposition of revenue collected from violations involving motor vehicles, states in pertinent part:
 . . . all fines and forfeitures received by any county court from violations of any of the provisions of this chapter, or from violations of any ordinances adopting matter covered by this chapter, committed within a municipality shall be paid monthly to that municipality. It is the intent of the legislature that such fines and forfeitures shall be paid monthly to that municipality in addition to any other fines and forfeitures received by a county court that are required to be paid to that municipality as otherwise provided by law. . . . (Emphasis supplied.)
AS TO QUESTION 2:
Question 2 is answered in the affirmative.
Based upon the above-quoted constitutional and statutory provisions, it appears irrelevant whether a municipality had a city court prior to the constitutional abolishment of such courts (see s. 20(d)(4), Art. V, State Const.) in order to receive fines and forfeitures generated or resulting from violations of municipal ordinances committed within the municipality. Neither the Constitution nor the applicable state statutes draws a distinction between a municipality with an established court and a municipality without such a court prior to the constitutional abolition of the municipal court system. Therefore, a municipality which created a municipal court immediately prior to the abolishment of municipal courts is entitled to the fines and forfeitures generated or resulting from violations of municipal ordinances or violations or infractions of Chs. 316 and 318, F. S., occurring within the territorial jurisdiction of the municipality. As discussed in question 1, the municipality would be entitled to all fines and forfeitures and civil penalties collected pursuant to ss. 34.191(1), 142.03, 316.660, and 318.21, F. S. A municipality, however, would not be entitled to receive any such revenue in circumstances where fines and forfeitures are imposed by a county court for violations of state misdemeanor statutes which occur within the municipality's territorial jurisdiction. Attorney General Opinion 074-137.
It is necessary to note that a caveat concerning double jeopardy exists. See AGO 074-240. The United States Supreme Court, in Waller v. Florida, 397 U.S. 387 (1970), held that it was impermissible for a person tried for violation of a municipal ordinance to be subsequently prosecuted for the violation of a state criminal statute growing out of the same set of facts.Waller concerned a person's first being tried in a municipal court for a violation of a municipal ordinance and later being tried for a state violation in county or circuit court. Should an individual now be tried in the state courts for violation of amunicipal ordinance, and not for a state criminal statute, Waller, supra, would apply and operate to bar the prosecution of the state violation at a subsequent trial in the state courts. Therefore, due care should be taken to ensure that no person is prosecuted for a violation of a municipal ordinance in those cases where the same acts or facts for which the accused person is to be charged are at the same time violations of the more serious state misdemeanor or felony statutes. Cf. AGO 073-161 and City of Fort Lauderdale v. Byrd, 242 So.2d 494, 496 (4 D.C.A. Fla., 1970), n. 2., wherein the wisdom of the practice of adopting by ordinance as offenses against the municipality misdemeanors proscribed by state law was seriously questioned in the light of Waller v. Florida,supra.
Prepared by: Patricia S. Turner, Assistant Attorney General