Newman C. Brackin Clerk Circuit Court Crestview
QUESTIONS:
1. If a municipality has adopted by ordinance certain matters covered by Ch. 316, F. S., is it necessary for the municipality to cite the appropriate section of the state traffic control law in addition to the municipal ordinance violated in order for it to be paid the fines and forfeitures and the civil penalties received by the county court for such traffic violations?
2. If a municipality has adopted or by reference incorporated the state's criminal laws or enacts an ordinance which creates offenses against the municipality for acts which also constitute offenses under the state criminal laws, is it necessary for the municipality to cite the municipal ordinance when a violation of the ordinance adoption or incorporating the state's criminal laws occurs within the municipality in order to receive the fines and forfeitures imposed by the court?
SUMMARY:
A municipality may enact ordinances which create offenses against municipal law for the same acts that constitute offenses against state law or by reference incorporate the state penal or criminal laws, and it may, pursuant to s. 316.008, F. S., adopt certain matters contained in the Uniform Traffic Control Law. While it is not necessary to cite a municipal ordinance unless the offender is charged with a violation of the ordinance, under the provisions of ss. 316.660 and 318.21, F. S., a municipality is entitled to receive all fines and forfeitures and all civil penalties received by a county court for traffic violations occurring within the municipality regardless or whether they are violations of Chs. 316 or 318, F. S., or of a municipal ordinance. If, however, a violation of a municipal ordinance adopting or incorporating the state's criminal laws has occurred, then the ordinance must be cited if the municipality is to receive the fines imposed by the court. If the state criminal laws are cited, the county receives the fines pursuant to s. 142.03, F. S.
As your questions are interrelated, they will be answered together.
This office has previously stated that a municipality, pursuant to its home rule powers, has the power to enact an ordinance which creates offenses against the municipality for the same acts that constitute offenses against the state criminal statutes, or to adopt by ordinance state criminal or penal laws by specific or general reference thereto. See AGO's 078-111 and 074-240 in which this office stated that an adoption by general reference of any act which is or shall be proscribed by the state criminal or penal laws permits subsequent amendments, revision, and repeal of laws by the Legislature to apply to such amendments. See also Orr v. Quigg, 185 So. 726 (Fla. 1938); State ex rel. McFarland v. Roberts, 74 So.2d 88 (Fla. 1954), wherein a city ordinance forbidding acts recognized by state law as misdemeanors and authorizing penalties for performing such acts was found valid; State v. Malone, 227 So.2d 896 (3 D.C.A. Fla., 1969); and Jaramillo v. City of Homestead, 322 So.2d 496 (Fla. 1975), in which the Florida Supreme Court held that a municipality may enact an ordinance which creates an offense against municipal law for the same act that constitutes an offense against state law. With respect to local traffic ordinances, s. 316.007, F. S., provides in pertinent part that no municipality `shall enact or enforce any ordinance on a matter covered by [Ch. 316, F. S.] unless expresslyauthorized.' (Emphasis supplied.) Section 316.008, F. S., represents such express authorization and `enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions.' Section 316.002, F. S. The last cited section also makes it unlawful for any municipality to pass or attempt to enforce any ordinance in conflict with the provisions of Ch. 316, F. S.
Section 316.660, F. S. (formerly s. 316.0261, F. S.), provides for the disposition of revenue collected from violations involving motor vehicles and provides in pertinent part:
 [A]ll fines and forfeitures received by any County Court from violations of any of the provisions of this chapter, or from violations of any ordinances adopting matter covered by this chapter, committed within a municipality shall be paid monthly to that municipality. It is the intent of the Legislature that such fines and forfeitures shall be paid monthly to that municipality in addition to any other fines and forfeitures received by a county court that are required to be paid to that municipality as otherwise provided by law. (Emphasis supplied.)
Most traffic violations of Ch. 316, F. S., are now noncriminal infractions. See s. 318.14, F. S., which provides that violations of Ch. 316, with the exception of those offenses enumerated in s.318.17, F. S., shall be deemed noncriminal infractions; see also
Florida Rules of Practice and Procedure for Traffic Courts, Rule 6.040, which generally defines criminal and noncriminal traffic offenses and infractions. Section 318.21, F. S., provides:
 All civil penalties and forfeitures received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly to the municipalities and counties, respectively, in the same manner, upon the same basis, and upon the same terms and conditions that fines and forfeitures are distributed and paid to municipalities and counties under the provisions of s. 316.660.
See AGO 073-11, in which this office stated that after January 1, 1973, a municipality is entitled to the fines and forfeitures received for convictions of traffic offenses committed within the municipality and tried in the county court without regard to whether the citations for the offenses were issued by the state, county, or municipal law enforcement officers.
The language of the foregoing statutory provisions clearly states that all fines and forfeitures and all civil penalties and forfeitures received by the county court pursuant to Ch. 318, F. S., or from violations of Ch. 316, F. S., or any ordinance adopting matters covered by Ch. 316 committed within the municipality are to be distributed and paid monthly to the municipality. No distinction is made between a violation of a state statute regarding traffic control or of such municipal ordinance with respect to the disposition of such fines and forfeitures or civil penalties and forfeitures, nor is there anything in these statutory provisions which indicates that a violation of a municipal ordinance must be cited in addition to a violation of Ch. 316 or Ch. 318 in order for the municipality to receive from the county court clerk the fines and forfeitures or civil penalties and forfeitures for such traffic violations committed within the municipality. The revenues received pursuant to s. 316.660 or Ch. 318, F. S., are in addition to the other fines and forfeitures received by a county court that are required by law to be distributed and paid to the municipality.
When a municipality has by ordinance adopted the state's criminal laws and a violation of the adopting ordinance occurs, it is an offense against the municipality and the offender should be charged with the violation of the municipal ordinance, not the state criminal laws. The charging document should cite the ordinance and, since the accused is charged with violating the ordinance, any fine imposed by the county court should be in accordance with the terms of the ordinance. Such fines and forfeitures are required to be paid and distributed to the municipality. See s. 34.191(1), F. S., which provides that a municipality shall be paid monthly all fines and forfeitures received by the county court from violations of municipal ordinances committed within a municipality within the territorial jurisdiction of the county court except as provided in s. 23.103, F. S. This office has previously stated that fines and forfeitures imposed by the county court for violations of state criminal misdemeanor statutes which occur within a municipality's territorial jurisdiction are not, pursuant to s. 34.191(1), to be remitted monthly to that municipality; thus, if a state criminal statute is cited and a fine imposed by the court, then the fine or forfeiture is to be paid into the fine and forfeiture fund of the county as provided by s. 142.03, F. S. See AGO's 074-96, 074-137, and 078-111. See also s. 142.03, which states:
 Except as to fines, forfeitures, and civil penalties
collected in cases involving violations of municipal ordinances, violations of chapter 316 committed within a municipality, or infractions under the provisions of chapter 318 committed within a municipality, in which cases such fines, forfeitures, and civil penalties shall be fully paid monthly to the appropriate municipality as provided in ss. 34.191, 316.660, and 318.21, and except as to fines imposed under s. 775.0835(1), all fines imposed under the penal laws of this state in all other cases, and the proceeds of all forfeited bail bonds or recognizances in all other cases, shall be paid into the fine and forfeiture fund of the county in which the indictment was found or the prosecution commenced . . . . (Emphasis supplied.)
Therefore, with respect to the traffic offenses, ss. 316.660 and318.21, F. S., expressly provide that all civil penalties and forfeitures and all fines and forfeitures received by any county court for traffic violations occurring within the municipality, regardless of whether they are violations of the provisions of Ch. 316 or Ch. 318, F. S., or violations of an ordinance adopting matter covered by Ch. 316, are to be fully paid and distributed monthly to the municipality. When, however, a violation of an ordinance adopting the state's criminal laws occurs, the offense is the violation of the ordinance, not of the state's criminal laws, and the accused should be charged accordingly. Thus the charging document should cite the municipal ordinance and the fine imposed by the court should be in accordance with the ordinance's terms. Such fines and forfeitures are required to be paid and distributed to the municipalities. If, however, the accused is convicted of violating a state criminal statute, then the fine or forfeiture is paid into the fine and forfeiture fund of the county.
In addition, it must be noted that a problem of double jeopardy arises when a municipality enacts an ordinance which creates an offense against the municipality for the same acts as constitute offenses against the state criminal statutes. The United States Supreme Court in Waller v. Florida, 397 U.S. 387 (1970), held that it was impermissible for a person tried for a violation of a municipal ordinance to be subsequently prosecuted for the violation of a state criminal statute growing out of the same acts. In Waller, the defendant was first tried in a municipal court for a violation of a municipal ordinance; he was subsequently tried in circuit court for a violation of a state criminal statute arising out of the same acts. The court held that such subsequent prosecution constitutes double jeopardy and was constitutionally prohibited. Therefore, due care should be taken to ensure that a person is not prosecuted for a violation of a municipal ordinance where the same acts or facts for which the accused person is to be charged are also violations of the more serious state misdemeanor or felony statutes. Cf. AGO's 073-161 and 074-240 and City of Fort Lauderdale v. Byrd, 242 So.2d 494,496 n. 2 (2 D.C.A. Fla., 1970), in which the wisdom of the practice of adopting by ordinance misdemeanors proscribed by state law as offenses against the municipality was seriously questioned in light of Waller v. Florida, supra.
Prepared by: Joslyn Wilson, Assistant Attorney General