Mr. Charles P. Vitunac City Attorney City of Vero Beach
QUESTION:
If a municipality possesses the authority to impose penalties for violations of municipal ordinances under its home rule powers, what limitations have been placed upon the exercise of that authority?
SUMMARY:
The legislative body of a municipality pursuant to its home rule powers has the authority to prescribe the penalties to be imposed for violations of municipal ordinances. In the absence of any constitutional or statutory provision expressly limiting that power and in accordance with the dictates of s. 2(b), Art. VIII, State Const., and ch. 166, F.S., the limitations on or the severity of penalties imposed by municipal ordinance is left up to the sound discretion of the legislative body of the municipality; however, the limitations fixed in chs. 316 and 318, F.S., and for convictions of misdemeanors of the second degree in ss.775.082(4)(b) and 775.083(1)(e), F.S., or as was formerly provided in s. 165.19, F.S. 1973, should, until or unless the Legislature determines otherwise, serve as guidelines for a municipality establishing the appropriate penalties for violations of its ordinances.
You state that during the preparation of a new city charter for the City of Vero Beach, a question has arisen as to the source of authority for a municipality to impose sanctions for violations of its ordinances and the limitations, if any, placed upon that authority. Municipalities were formerly expressly authorized by statute to impose penalties for violations of municipal ordinances. See s. 165.19, F.S. 1973, which stated:
 The city or town council may pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals . . . and for the order and government of the city or town, and to impose such pains, penalties and forfeitures as may be needed to carry the same into effect. . . . [P]rovided, further, that for no one offense made punishable by the ordinances and laws of said city or town shall a fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days.
Section 165.19, however, was repealed by ch. 74-192, Laws of Florida. No other statute which expressly authorizes the imposition of penalties by a municipality has been brought to the attention of this office.
Municipalities, however, have been granted broad home rule powers by ch. 166, F.S., implementing s. 2, Art. VIII, State Const. Specifically, s. 166.021(1), F.S., provides:
 [M]unicipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. (Emphasis supplied.)
Moreover, in s. 166.021(3), F.S., the Legislature expressly recognized that pursuant to the constitutional grant of home rule powers in s. 2(b), Art. VIII, State Const., the legislative body of each municipality has the power to enact legislation covering any subject matter upon which the state Legislature may act, except upon the subjects of annexation, merger or the exercise of extraterritorial powers, any subject expressly prohibited by the Constitution, any subject expressly preempted to state or county government by the Constitution or by general law and any subject preempted to a county pursuant to a county charter. See s.166.021(4), F.S., which states in pertinent part that the provisions of the section are to be so construed `as to secure for municipalities the broad exercise of home rule powers granted by the Constitution.' See also State v. City of Sunrise,354 So.2d 1206 (Fla. 1978) (municipalities are no longer dependent upon state Legislature for legislative authority; statutes are relevant only to determine the limitations on the authority granted by the Constitution).
The power to impose penalties is a legislative power. Cf. Gillooley v. Vaughn, 110 So. 653 (Fla. 1927) (`There is no impropriety, from a constitutional standpoint, in clothing our municipal government with legislative power to prohibit and punish by ordinance any act made penal by the state laws, when perpetrated within municipal limits . . . .'). And see AGO 079-109 in which this office considered the provisions of s. 18, Art. I, State Const., which prohibits an administrative agency from imposing a sentence of imprisonment or imposing any other penalty except as provided by law. Stating that an `administrative agency' is `an organ of government other than a court and other than a legislature,' this office concluded that a county agency, as an administrative agency, could not be authorized by county ordinance to impose penalties for violations of that agency's cease and desist orders. Your inquiry, however, concerns the governing body of a municipality, as the legislative body or legislature of the municipality, prescribing the penalties to be imposed for violations of municipal ordinances. I am not aware of any provision in the Constitution or general laws of this state which would expressly prohibit a municipality from exercising such a power nor has any such constitutional or statutory provision been brought to the attention of this office. In fact, several statutes appear to implicitly recognize that penalties may be imposed for violations of municipal ordinances. See, e.g., s. 775.08(3), F.S., stating that nothing contained in the Florida Criminal Code shall repeal or change any penalty for a violation of a municipal ordinance; s. 775.082(5), F.S., limiting the punishment of persons convicted of a noncriminal violation, as defined by s. 775.08(3),except as provided by ordinance of any municipality; s. 34.191, F.S., providing for the distribution of fines and forfeitures collected by the clerk of the court for violations of municipal ordinances committed within the municipality. And see Jaramillo v. City of Homestead, 322 So.2d 496 (Fla. 1975), and AGO 078-111, which recognize the power of a municipality to enact ordinances adopting or incorporating by reference the criminal or penal statutes of the state. Thus in light of the broad home rule powers which have been granted to municipalities by the Constitution and ch. 166, F.S., I am of the opinion, until legislatively or judicially determined otherwise, that municipalities possess the power by ordinance, enforceable as a local law (see s.166.041(1)(a), F.S.), to prescribe penalties for violations of their ordinances.
While municipalities possess the authority under their home rule powers to impose such penalties, no statutory limitations presently exist upon the exercise of that authority. Section 165.19, F.S. 1973, which formerly limited the penalties that could be imposed by a municipality to a fine of not more than $500 or imprisonment for not more than 60 days, has been repealed. Moreover, the provisions of the state statutes relating to penalties to be imposed for criminal offenses and noncriminal violations are not applicable to violations for municipal ordinances. See, e.g., s. 775.08(2) and (3), F.S., which provides in pertinent part that when used in the laws of the state, the terms `misdemeanor' and `noncriminal violation' shall not mean a conviction for a violation of any municipal ordinance, and s.775.082(5), F.S., which states that a person convicted of a noncriminal violation may not be sentenced to a term of imprisonment or any other punishment more severe than a fine, forfeiture or other civil penalties except as provided in an ordinance of any municipality. Thus the limitations placed upon the penalties that may be imposed for such offenses are not applicable to violations of municipal ordinances although the penalties imposed are similar to those formerly authorized in s. 165.19, F.S. 1973, for violations of municipal ordinances. See, s.775.082(4)(b), F.S., stating that a person convicted of a misdemeanor of the second degree may be sentenced by a definite term not to exceed 60 days, and s. 775.083(1)(e), F.S., stating that if a fine is imposed for conviction of a misdemeanor of the second degree or a noncriminal violation, it shall not exceed $500. And see s. 775.08(3), F.S., which states that `[n]othing contained in this code shall repeal or change the penalty for a violation of any municipal . . . ordinance.' Cf. AGO 076-192 in which this office stated that the time limitations placed upon prosecutions for violations of misdemeanors and noncriminal violations are not applicable to prosecutions for municipal ordinances. Thus the statutes are silent as to any limitations on the severity of penalties that a municipality may by ordinance assess. Cf. s. 125.69, F.S., which provides that violations of county ordinances shall be prosecuted in the same manner as misdemeanors are prosecuted and upon conviction shall be punished by a fine not to exceed $500 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment.
In light of the broad home rule powers secured to municipalities by the Constitution and ch. 166, F.S., and in the absence of any constitutional or statutory provision expressly limiting the exercise of that power to adopt penalties for violations of municipal ordinances, I am constrained to conclude that no such constitutional or statutory limitations presently exist on their home rule power to impose penalties for violations of their ordinances. Therefore in accordance with the dictates of s. 2(b), Art. VIII, State Const., and the Municipal Home Rule Powers Act, ch. 166, F.S., the limitations on or the severity of penalties imposed by municipal ordinances is left to the sound discretion of the legislative body of each municipality. Any abuse of that discretion would become a matter subject to judicial resolution. It would appear, however, that the limitations fixed in chs. 316 and 318, F.S., and for convictions of misdemeanors of the second degree in ss. 775.082(4)(b) and 775.083(1)(e), F.S., or as was formerly provided in s. 165.19, F.S. 1973, should serve as guidelines in establishing the appropriate penalties for violations of municipal ordinances, unless and until the Legislature should determine otherwise.
Prepared by: Joslyn Wilson, Assistant Attorney General